KENNETH L. THOMAS, APPELLANT, V. COUNTRYSIDE OF HASTINGS, INC., APPELLEE.
ELAINE R. THOMAS, APPELLANT, V. COUNTRYSIDE OF HASTINGS, INC., APPELLEE.
KENNETH L. THOMAS AND ELAINE R. THOMAS, APPELLANTS, V. COUNTRYSIDE OF HASTINGS, INC., APPELLEE.

524 N.W.2d 311

Filed December 2, 1994.    Nos. S-92-647, S-92-648, S-92-649.

John S. Mingus, of Mingus & Mingus, for appellants.

Roger G. Steele, of Luebs, Beltzer, Leininger, Smith & Busick, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

The plaintiffs, Kenneth L. and Elaine R. Thomas, brought these actions against the defendant, Countryside of Hastings, Inc., alleging the negligent installation of a furnace in their mobile home. The defendant alleged the plaintiffs' causes of action were barred by the statute of limitations in contracts for sale found in the Nebraska Uniform Commercial Code because the defendant sold the plaintiffs a mobile home with the installation of the furnace as an incidental part of the sale.

Following a trial solely on the issue of the statute of limitations, the trial court found that the plaintiffs' causes of action were barred by the statute of limitations found at Neb. U.C.C. § 2-725 (Reissue 1980). The plaintiffs appealed to the Nebraska Court of Appeals, which affirmed the trial court's judgment in *Thomas v. Countryside of Hastings*, 2 Neb. App. 590, 512 N.W.2d 660 (1994).

This court granted the plaintiffs' petition for further review.

On May 3, 1979, the plaintiffs entered into a written purchase agreement with the defendant to buy a double-wide mobile home. The purchase agreement included a provision that the mobile home would be delivered and set up on a basement foundation and that it would include such extras as a dishwasher, disposal, patio doors, and a septic tank, all of which would be installed. The agreement also provided that the defendant would install an upflow furnace in the basement. The total price of the contract was $37,589.85, and no separate amount was assigned to the furnace installation. The mobile home, as manufactured, included a closet downflow furnace.

The plaintiffs alleged in their petitions that when the defendant installed the upflow furnace, the venting pipe was not properly connected to a chimney or otherwise vented to the outside, but, instead, the venting pipe terminated between the ceiling of a closet and the roof sheeting. The plaintiffs also alleged that the negligence of the defendant "was not

discovered nor reasonably capable of being discovered by your plaintiff until the 4th day of January, 1985." The plaintiffs claim that as a result of the defendant's negligence in installing the furnace, their mobile home sustained damages from the improperly vented furnace, and they both sustained personal injuries from inhalation of carbon monoxide.

Section 2-725(1) provides that actions for breach of contract for sale must be commenced within 4 years after the cause of action accrues. Under § 2-725(2), the cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. Section 2-725(2) further provides that a breach of warranty occurs when tender of delivery is made.

The plaintiffs took delivery of their mobile home on December 20, 1979. They did not file their causes of action until January 3, 1986.

The Court of Appeals determined the plaintiffs' causes of action were based in contract and found that "but for the written agreement, Countryside had no obligation to properly install a furnace in the mobile home." *Thomas*, 2 Neb. App. at 595, 512 N.W.2d at 665. Since § 2-725 required the plaintiffs to file their causes of action for breach of contract within 4 years of tender of delivery of the plaintiffs' mobile home, the Court of Appeals found the plaintiffs' causes of action were barred by the statute of limitations.

Neb. Rev. Stat. § 25-224 (Reissue 1989) provides that product liability actions must be commenced within 4 years after the date on which the death, injury, or damage complained of occurs. This court has held that the statute of limitations provided by § 25-224 " 'begins to run on the date on which the party holding the cause of action discovers, or in the exercise of reasonable diligence should have discovered, the existence of the injury or damage.' " *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 282, 481 N.W.2d 422, 428 (1992), quoting *Condon v. A. H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984). Discovery refers to the fact that one knows of the existence of an injury or damage and not that one knows who or what may have caused that injury or damage. See, *Ward v. City of Alliance*, 227 Neb. 306, 417 N.W.2d 327 (1988); *Condon,*

*supra.*

Neb. Rev. Stat. § 25-21,180 (Reissue 1989) defines a product liability action as

> any action brought against a manufacturer, *seller*, or lessor of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formulation, *installation*, preparation, assembly . . . of any product . . . .

(Emphasis supplied.)

In this case, the plaintiffs filed their causes of action against the defendant, the seller of their mobile home, for the negligent installation of the furnace in their mobile home, which caused personal injury and property damage to the plaintiffs.

Whether an action is characterized as one in tort or on contract is determined by the nature of the complaint, not by the form of the pleadings, and consideration must be given to the facts which constitute the cause of action. *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984). One may sue in tort when there has been negligence in the performance of a contract. *Id.*

> The injury in such a case results not from a breach of the contract but from negligence in the performance of it, for accompanying every contract is a common-law duty to perform with care, skill, reasonable expediency, and faithfulness the thing agreed to be done. A negligent failure to observe any of these conditions is a tort as well as a breach of contract.

*Id.* at 437, 345 N.W.2d at 305.

> Contract actions, which arise from a breach of a duty imposed on one by an agreement, protect a plaintiff's interest in or right to performance of another's promises, whereas tort actions, which arise from a breach of a duty imposed by law, protect a plaintiff's interest or right to be free from another's conduct which causes damage or loss to the plaintiff's person or property.

*L. J. Vontz Constr. Co. v. State*, 230 Neb. 377, 382-83, 432 N.W.2d 7, 11 (1988).

In the present case, the plaintiffs are not claiming the defendant installed their furnace in violation of any promises provided in the sales agreement or that the defendant breached any express or implied warranties in the contract. Instead, the plaintiffs are claiming that the defendant improperly installed their furnace and that they were injured and their property was damaged by that negligence. With or without the sales agreement, the defendant owed the plaintiffs the duty to properly install their furnace. Accordingly, the appropriate statute of limitations in this case is that found in § 25-224.

The evidence at the trial on the statute of limitations shows that the plaintiffs moved into the mobile home in December 1979. In December 1984, the plaintiffs had water running through the ceiling of the mobile home. On January 4, 1985, Kenneth Thomas climbed up on the roof to see what was causing the water to leak into the mobile home and discovered that there was no venting for the furnace system. There is no evidence regarding when the plaintiffs first began to suffer from inhaling the exhaust fumes from the improperly vented furnace.

Because a products liability action under § 25-224 begins to run on the date which the party possessing the cause of action discovers, or in the exercise of reasonable diligence should have discovered, the existence of the injury or damage, not the cause of such injury or damage, this cause must be remanded for further proceedings as to when the plaintiffs' personal injuries were discovered or in the exercise of reasonable diligence should have been discovered.

The judgment of the Court of Appeals affirming the trial court's judgment is reversed and the cause remanded to the Court of Appeals with direction that the cause be remanded to the district court for further proceedings.

REVERSED AND REMANDED.