LEON D. GORDON, APPELLANT, V. DR. EVAN CONNELL, APPELLEE.

545 N.W.2d 722

Filed April 5, 1996.   No. S-94-419.

Darren R. Carlson and Eric L. Klanderud, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Jerry W. Katskee, of Katskee, Henatsch & Suing, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Leon D. Gordon filed a professional negligence action against Dr. Evan Connell, a dentist. Gordon alleged that Connell negligently administered novocaine while performing a dental procedure, thereby injuring his facial and jaw muscles. The district court granted Connell's motion for summary

judgment, finding that Gordon's action was barred by the statute of limitations. We affirm.

## FACTUAL BACKGROUND

In July 1990, while an inmate at the Douglas County Correctional Center in Omaha, Nebraska, Gordon was evaluated by Connell for complaints related to an abscessed tooth on the lower right side of his mouth. Connell was the dentist employed on call with the correctional center. Initially, Connell attempted to treat the abscessed tooth with antibiotics, but this treatment failed to reduce the pain. On or about July 20, Connell performed a root canal on the abscessed tooth and also filled the tooth next to the abscessed tooth.

The following week, Gordon visited Connell and informed him that he was still having problems with the abscessed tooth. Connell gave Gordon the choice of having the tooth removed or waiting a week in order to see if the pain would subside. Gordon chose to wait a week. When the pain did not subside, Gordon returned to Connell to have the tooth pulled.

While attempting to numb the gum area so Connell could pull the tooth, Connell administered a shot of novocaine into Gordon's right jaw. Gordon claims that he immediately felt "something" in his right ear and that when asked if his lip was numb, he replied his lip was not numb, but his right ear, cheek, eye, and temple were numb.

After administering another shot of novocaine, Connell succeeded in numbing Gordon's jaw and extracted the abscessed tooth, as well as the adjacent tooth. According to Gordon, Connell explained the extraction of the adjacent tooth by saying that the tooth "looked bad too."

After Gordon filed a grievance with the Douglas County Department of Corrections, a grievance hearing was held on August 10, 1990. At the grievance hearing, Gordon complained that he had not given Connell permission to remove the second tooth. Also, he stated that his ear still hurt from the shots that he received for the tooth extraction and that if his ear did not improve, he would seek legal action for both the ear and the tooth.

Gordon filed his second formal grievance on January 16, 1991, in which he claimed that he was continuing to have problems with his ear and stated that he felt that he should have been taken to the hospital when this happened. Furthermore, he stated that "his ear should've been healed by now."

On August 10, 1992, Gordon filed a complaint under 42 U.S.C. § 1983 (1994) in the U.S. District Court for the District of Nebraska against Connell and various Douglas County corrections officials, claiming they violated his civil rights in their treatment of his case. In his complaint, Gordon specifically alleged that Connell was negligent. However, the § 1983 action was subsequently dismissed for lack of proper service of process upon the defendants.

Gordon was released from prison on October 23, 1992, and was treated by Dr. Michael McDermott on December 8. McDermott diagnosed Gordon as having nerve damage to the face and jaw caused by Connell's negligent injection of novocaine in July 1990. Subsequently, on March 8, 1993, Gordon filed this action in the district court for Douglas County, alleging that Connell's negligence caused the damage to his nerves and tissues in his face and ear and caused the resultant pain and suffering.

On April 5, 1994, Connell moved for summary judgment. The trial court granted the motion for summary judgment, finding that Gordon did not commence his cause of action within the statutory time limit set forth in Neb. Rev. Stat. § 25–222 (Reissue 1995) and that the statute was not tolled due to Gordon's incarceration. The trial court dismissed Gordon's action with prejudice. Gordon appeals.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog, ante* p. 352, 543 N.W.2d 445 (1996); *John Markel Ford v.*

*Auto-Owners Ins. Co., ante* p. 286, 543 N.W.2d 173 (1996); *Kocsis v. Harrison, ante* p. 274, 543 N.W.2d 164 (1996).

In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Zion Wheel Baptist Church v. Herzog, supra; Kocsis v. Harrison, supra; Bogardi v. Bogardi, ante* p. 154, 542 N.W.2d 417 (1996).

## ANALYSIS

In this appeal, we are asked to decide that either the fact of Gordon's imprisonment tolled the statute of limitations for professional negligence or the statute of limitations should be no bar, because Gordon alleges that he was unable to "discover" his injuries until such time as he left prison. We begin by noting that this appeal arises in the context of the grant of a motion for summary judgment. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog, supra; John Markel Ford v. Auto-Owners Ins. Co., supra; Kocsis v. Harrison, supra.*

The limitations period for professional negligence actions is provided in § 25-222:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event

may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

(Emphasis in original.)

### DISCOVERY PROVISIONS OF § 25-222

In medical malpractice cases, the period of limitations or repose begins to run when the treatment rendered after and relating to the allegedly wrongful act or omission is completed. *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994). Nebraska follows the "occurrence rule," under which a professional negligence suit accrues at the time of the act or omission causing injury. *Suzuki v. Holthaus*, 221 Neb. 72, 375 N.W.2d 126 (1985). However, the occurrence rule is tempered by the discovery provision of § 25-222, which provides that if an act or omission that causes injury is not discovered within 2 years, a plaintiff has 1 year after discovery to file suit. *Id.*

In the context of statutes of limitations, discovery occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994). "Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress. *Thomas v. Countryside of Hastings*, 246 Neb. 907, 524 N.W.2d 311 (1994); *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). However, one need not know the full extent of one's damages before the limitations period begins to run, as a statute of limitations can be triggered at some time before the full extent of damages is sustained. See *id.*

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of

the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Lindsay Mfg. Co. v. Universal Surety Co., supra; Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993). The trial court found that Gordon did not commence his action within the statutory time limit set forth in § 25–222. There was ample evidence in the record to indicate that Gordon's injury was "discovered" within the 2–year limitations period of § 25–222. Immediately following the extraction of the teeth, Gordon filed a grievance with the Douglas County Department of Corrections, claiming not only that his ear hurt, but that if it did not improve, he would initiate a legal action for both the ear and the tooth. Additionally, Gordon filed a second grievance on January 16, 1991, in which he asserted that he was continuing to have problems with his ear. While Gordon may not have known the full extent of the damage to his facial nerves, he certainly knew that he had been injured, because he continued to experience pain.

Even viewing the evidence in the light most favorable to Gordon, we conclude that the trial court was not clearly wrong in finding that Gordon had not filed within the statutorily imposed time limit.

### TOLLING OF STATUTE UNDER NEB. REV. STAT. § 25–213 (REISSUE 1995)

Although § 25–222 sets forth the statute of limitations for professional negligence actions, the limitations period may be tolled as set forth in § 25–213 which provides:

> Except as provided in sections 76–288 to 76–298, if a person entitled to bring any action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, *or imprisoned*, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed.

(Emphasis supplied.)

Gordon argues that the district court erred by finding that the statute of limitations set forth under § 25–222 was not tolled by § 25–213. However, this court has previously held that a

showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment. *Cole v. Kilgore*, 241 Neb. 620, 489 N.W.2d 843 (1992); *Scott v. Hall*, 241 Neb. 420, 488 N.W.2d 549 (1992). Additionally, we recently held in *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995), that the statute of limitations on a legal malpractice claim is not tolled while the petitioner is imprisoned.

Gordon does not demonstrate any legal disability separate from the mere fact of his imprisonment. Under our previous holdings, this is insufficient to toll the statute of limitations.

## CONCLUSION

As the statute of limitations was not tolled during the period of Gordon's incarceration and he did not file within the statutory time period required for professional negligence actions, we find that the district court was correct in concluding that there was no genuine issue as to any material fact in this action and that Connell was entitled to judgment as a matter of law.

AFFIRMED.