# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2974

_____

Lloyd R. Trackwell,                             *

                                             *

        Plaintiff-Appellant,           *

                                             *   Appeal from the United States

   v.                                   *   District Court for the

                                             *   District of Nebraska.

David Domina; Craig Howell; Domina   *

Law Office, P.C.,                   *      [UNPUBLISHED]

                                             *

        Defendants-Appellees.     *

_____

Submitted: April 19, 2006
Filed: May 9, 2006

_____

Before ARNOLD, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lloyd R. Trackwell appeals from the district court's[1] dismissal of his legal malpractice claim against David Domina, Craig Howell, and Domina Law Office, P.C. ("Domina Law"). Trackwell argues the Equal Protection and Due Process Clauses of the United States Constitution require that Nebraska's two-year statute of limitations governing professional malpractice claims be tolled during the pendency of a

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

defendant's criminal conviction in cases where that conviction is ultimately vacated. We affirm.

In January 2001, a jury found Trackwell guilty in a criminal proceeding in the District Court for Lancaster County, Nebraska. Trackwell was represented at trial by Domina and Howell of Domina Law. On September 5, 2001, Trackwell was sentenced to four to eight years' imprisonment. Trackwell directly appealed his conviction *pro se* and the Nebraska Court of Appeals reversed and remanded for a new trial on the grounds that a required lesser-included offense instruction had not been given. State v. Trackwell, No. A-01-1174, 2003 WL 22231883 (Neb. Ct. App. Sept. 30, 2003), review overruled (Feb. 19, 2004). On March 9, 2004, Trackwell was released from incarceration pending retrial. The State of Nebraska elected not to retry Trackwell and dismissed his case on August 11, 2004.

On August 25, 2004, Trackwell filed an action in federal district court against Domina, Howell, and Domina Law, alleging they were professionally negligent while representing him from August 2000 through February 2001.[2] The defendants moved to dismiss Trackwell's complaint, arguing that the two-year statute of limitations governing professional negligence claims in Nebraska had expired. See Neb. Rev. Stat. § 25-222. The district court granted the defendants' motion to dismiss on the grounds that Trackwell's action was untimely.

We review a district court's decision granting a motion to dismiss de novo. Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005). As the district court noted, under Nebraska law the professional negligence statute of limitations is not tolled during a criminal defendant's incarceration. See Gordon v. Connell, 545 N.W.2d 722, 726 (Neb. 1996). Trackwell argues, however, that requiring him to file a civil legal malpractice claim during the pendency of his criminal conviction violated his right to

---

[2]Jurisdiction was founded on diversity of citizenship. See 28 U.S.C. § 1332.

equal protection and due process. According to Trackwell, such a rule required him to diagnose his own legal malpractice problem, prepare the pleadings, and seek a stay while his criminal appeal was pending—a series of steps he asserts imposes "an extreme and necessarily unconstitutional burden on criminal defendants who believe their criminal [cases have been] handled negligently."

As the district court pointed out, however, Trackwell knew that his conviction had been reversed and remanded for a new trial before the two-year statute of limitations had run, but waited nearly a year to file his malpractice claim. The district court held that "[n]o denial of due process is apparent from these facts." We agree. Under Nebraska law, Trackwell was obligated to file his malpractice complaint "within two years of his attorney's last day of service in the matter in which the alleged negligence occurred." Seevers v. Potter, 537 N.W.2d 505, 511 (Neb. 1995). The Nebraska Supreme Court has clearly directed that, when criminal defendants have preserved their claims in this manner, they "can and should seek a stay in the civil suit until the criminal case is resolved." Id. Because this process comports with constitutional requirements, Trackwell's constitutional claims fail.

Trackwell also argues that the district court erred by refusing to allow him to amend his pleadings to offer additional details regarding facts alleged in the complaint. He maintains these additional details would warrant the conclusion that the statute of limitations should be equitably tolled. As the district court observed, however, even if Trackwell added more details to his pleadings, an equitable tolling claim could not be successful.

Having carefully reviewed the record and applicable law, we conclude the district court did not err in its conclusions of law. We therefore affirm for the reasons stated by the district court. See 8th Cir. Rule 47B.

_____