Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/04/2020 09:05 AM CST

MICHAEL J. WALZ, APPELLANT, V. JEFFREY
HARVEY AND SPENCE COUNSELING,
LLC, APPELLEES.

___ N.W.2d ___

Filed January 28, 2020.    No. A-18-1109.

1. **Limitations of Actions: Appeal and Error.** The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong.

2. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

3. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

4. **Limitations of Actions.** The period of limitations begins to run upon the violation of a legal right, that is, when an aggrieved party has the right to institute and maintain suit.

5. ____. The 1-year discovery exception of Neb. Rev. Stat. § 25-222 (Reissue 2016) is a tolling provision, but it applies only in those cases in which the plaintiff did not discover and could not have reasonably discovered the existence of the cause of action within the applicable statute of limitations.

6. ____. Under the discovery principle, discovery occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action.

7. **Limitations of Actions: Words and Phrases.** "Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress.
8. **Limitations of Actions.** It is not necessary that the plaintiff have knowledge of the exact nature or source of the problem, but only knowledge that the problem existed.
9. ____. The point at which a statute of limitations begins to run is determined from the specific facts of each case.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

William D. Gilner for appellant.

Joseph S. Daly and Mary M. Schott, of Sodoro, Daly & Shomaker, P.C., L.L.O., for appellee Jeffrey Harvey.

Lisa M. Meyer, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellee Spence Counseling, LLC.

PIRTLE, RIEDMANN, and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Michael J. Walz appeals from an order of the district court for Douglas County in which the court sustained the motions for summary judgment of Jeffrey Harvey and Spence Counseling, LLC (appellees), and dismissed Walz' complaint, finding that Walz' professional negligence claim was barred by the statute of limitations. Based on the reasons that follow, we affirm.

## BACKGROUND

Harvey is a licensed mental health practitioner who, at all times relevant, was employed by Spence Counseling. Harvey provided counseling services from February 2009 to August 31, 2011, to Walz; Walz' then-wife, Alison Walz; and their children. Some of the counseling consisted of marriage counseling for Walz and Alison. Walz and Alison separated in October 2013 and were divorced in March 2014.

On December 1, 2016, Walz filed a complaint against appellees alleging Harvey was professionally negligent during the time he provided counseling services to Walz. The complaint alleged, incorrectly as it turned out following discovery, that the counseling took place between November 10, 2010, and December 2, 2014. The complaint included an allegation that Harvey had entered into a romantic relationship with Alison during the time that Harvey was counseling Walz and his family.

Appellees filed motions for summary judgment alleging that Walz' claims were barred by the statute of limitations. At the hearing on the motions, Walz offered his affidavit which stated that he did not discover the professional negligence until January 2016. The court found that there was a genuine issue of material fact on this issue, and it concluded that his statement in his affidavit as to when he "'discovered'" the "'professional negligence'" precluded summary judgment. The court noted that it was possible that further discovery would shed additional light as to when Walz knew of facts surrounding his treatment by appellees sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis for the cause of action.

Following further discovery, appellees renewed their motions for summary judgment, arguing that the evidence now showed that Walz' claims were barred by the statute of limitations. At the hearing on the motions, Walz' deposition was entered into evidence. Walz testified that his counseling with Harvey actually ended in August 2011 and that the dates set forth in his complaint and his answers to interrogatories as to when counseling ended were not accurate. He testified that in the fall of 2014, 3 years after the last counseling session provided by Harvey, Walz learned from his children that Harvey and Alison were dating. Walz testified that he was not alleging that Harvey and Alison were dating during the time that Harvey

was providing counseling from Harvey, even though his complaint alleged otherwise. He testified he had no evidence or any reason to believe that Harvey and Alison were dating prior to August 2014.

At the hearing, appellees also offered into evidence Walz' responses to Spence Counseling's requests for production of documents, which included a video recording of Walz' confronting Harvey on December 11, 2014, accusing him of acting inappropriately in his role as a counselor. Among other things, Walz told Harvey: "Remember in the counseling room you said the experts say you should not get into a serious relationship for . . . 2 years . . . you broke that rule of yours"; "divorce counselors and psychologists have said you are out of line"; "just you wait, you have no idea what's going on . . . your whole little world is not what it's going to be"; "it's all going to fall apart"; "you broke your rule, you broke your word"; and "something was going on in that counseling room." The encounter became physical and the 911 emergency dispatch service was called. Harvey received a citation for assault.

The evidence also showed that in mid-December 2014, Walz called Charles Spence at Spence Counseling and asked to meet with him. The two met a couple days later, and Walz informed Spence that Harvey had assaulted him and that Harvey was dating Alison. Spence told Walz that it was inappropriate and not acceptable behavior for a counselor to be dating a former client. After the meeting between Walz and Spence, Spence Counseling terminated Harvey's employment.

Walz further testified in his deposition that in January and February 2016, he had conversations with Tim Egan, a friend and former attorney, about issues he was having with his son and about restraining orders that had been filed against him. During these discussions, Egan advised Walz that he might have a cause of action against Harvey.

At the hearing on the renewed motions for summary judgment, Walz requested that he be granted leave to submit an affidavit from his expert witness, Dr. Ellen Stein, a psychologist, and the court allowed him to do so. At a subsequent hearing, the court received the affidavit from Stein into evidence subject to ruling on written objections to portions of the affidavit made by appellees.

In the court's amended order, it sustained the appellees' objections to portions of Stein's affidavit. The court also granted the motions for summary judgment finding that the undisputed facts showed that Walz' cause of action against appellees was barred by the statute of limitations.

## ASSIGNMENTS OF ERROR
Walz assigns that the trial court erred in (1) granting appellees' renewed motions for summary judgment and (2) sustaining appellees' objections to statements in Stein's affidavit.

## STANDARD OF REVIEW
[1] The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Colwell v. Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018).

[2,3] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. See *Marshall v. Eyecare Specialties*, 293 Neb. 91, 876 N.W.2d 372 (2016). In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was granted, and give that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

*Statute of Limitations.*

Walz first assigns that the trial court erred in granting appellees' renewed motions for summary judgment on the ground that his claims were barred by the statute of limitations.

[4] Walz' action against appellees alleged professional negligence and is therefore governed by the statute of limitations set forth in Neb. Rev. Stat. § 25-222 (Reissue 2016). The statute provides that the statute of limitations for professional negligence is 2 years after the alleged act or omission in rendering or failure to render professional services providing the basis for the action. The period of limitations begins to run upon the violation of a legal right, that is, when an aggrieved party has the right to institute and maintain suit. *Behrens v. Blunk*, 284 Neb. 454, 822 N.W.2d 344 (2012). Walz admitted in his deposition that his last counseling session with Harvey was August 31, 2011. He also testified that the negligent acts committed by Harvey during his counseling sessions consisted of Harvey's giving Alison "a book called Why Christian Men Hate Women" and bringing up Bible scriptures that were "inappropriate and misused." Walz clarified at oral argument that it was these acts of "grooming" during counseling that constituted the professional negligence acts upon which his complaint was based. Therefore, as the trial court found, the 2-year statute of limitations expired on August 31, 2013, unless an exception applied.

The language of § 25-222 provides for a discovery exception to the statute of limitations

> if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

[5-7] The Nebraska Supreme Court has said that the 1-year discovery exception of § 25-222 is a tolling provision, but

that it applies only in those cases in which the plaintiff did not discover and could not have reasonably discovered the existence of the cause of action within the applicable statute of limitations. See *Behrens v. Blunk, supra.* Under the discovery principle, discovery occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996). "Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress. *Id.*

[8,9] It is not necessary that the plaintiff have knowledge of the exact nature or source of the problem, but only knowledge that the problem existed. *Behrens v. Blunk, supra*; *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988). The point at which a statute of limitations begins to run is determined from the specific facts of each case. See *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

Walz argues that he could not and did not discover Harvey's negligence until January 2016 when Egan told him he might have a claim against Harvey. He contends, therefore, that he had until January 2017 to file his complaint and that his complaint filed on December 1, 2016, was timely under the discovery exception to § 25-222.

The trial court determined that the evidence established that Walz had sufficient information to discover his cause of action by December 11, 2014, at the latest. We agree. Walz' children told him in the fall of 2014 that Harvey was romantically involved with Alison. The recorded conversation between Walz and Harvey on December 11 also indicates that Walz believed Harvey's relationship with Alison was inappropriate, based on Harvey's prior role as Walz and Alison's marriage counselor. During the confrontation, Walz said to Harvey: "Remember in the counseling room you said the experts say you should not

get into a serious relationship for . . . 2 years . . . you broke that rule of yours"; "divorce counselors and psychologists have said you are out of line"; "just you wait, you have no idea what's going on . . . your whole little world is not what it's going to be"; "it's all going to fall apart"; "you broke your rule, you broke your word"; and "something was going on in that counseling room."

In addition, in December 2014, Walz met with Spence and informed him that Harvey had assaulted him and that Harvey was dating Alison. Spence told Walz that it was inappropriate and not acceptable behavior for a counselor to be dating a former client.

As the trial court found, the undisputed evidence shows that in the fall of 2014 or by December 11, 2014, at the latest,

> [Walz] was aware of facts that put him on notice that he may have a cause of action against [appellees]. . . . [Walz] may not have known exactly what his specific claim might be but what [Walz] knew on December 11, 2014 triggered the discovery statute of limits [sic] and [Walz] then had one year in which to file his malpractice cause of action against [appellees]. [Walz] did not file his lawsuit until December 1, 2016, almost two years after he was aware that divorce counselors and psychologists said that Harvey was out of line.

In light of the undisputed evidence set forth above, no real issue of fact could be said to exist as to the date on which Walz discovered facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of his cause of action. See *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 566, 279 N.W.2d 603, 608 (1979) (affirming grant of summary judgment on basis of statute of limitations because "no real issue of fact could be said to exist" as to date on which plaintiff could have discovered defects). Accordingly, because the statute of limitations based on the discovery exception ran on December 11, 2015, Walz' professional negligence

action filed on December 1, 2016, is barred by the statute of limitations. The trial court did not err in granting appellees' renewed motions for summary judgment.

*Objections to Stein's Affidavit.*

Walz next assigns that the trial court erred in sustaining appellees' objections to paragraphs 6, 7, 9, 10, and 11 in Stein's affidavit. Stein's affidavit stated she is a forensic and clinical psychologist from California. She interviewed Walz in person and reviewed the records of his counseling with Harvey. Paragraph 6 states: "[Walz] reported that he did not discover his injuries and damages until January 2016 after speaking to his friend . . . Egan." Paragraph 7 states that "[Walz'] cause of action against [appellees] in this case was not, and could not have reasonably been discovered within two years of his treatment with [appellees]." Paragraphs 9 through 11 state as follows:

> 9. [Walz], as a layperson, trusted . . . Harvey to provide appropriate counseling . . . . As a patient, [Walz] did what his counselor said. He believed that . . . Harvey, as his counselor, knew best.
>
> 10. [Walz] did not have the knowledge or training to know what would have been appropriate or inappropriate at the time counseling services were provided by [appellees], and whether [appellees'] conduct amounted to professional negligence.
>
> 11. [Walz] did not realize his injuries and damages at the time he was receiving professional services from [appellees].

Appellees objected to paragraph 6 on the basis of hearsay and relevancy and to paragraphs 7, 9, 10, and 11 on the ground that such statements were opinions and conclusions of when Walz discovered his cause of action and not allegations of ultimate fact. Whether wrongfully excluded or not, the paragraphs objected to have no relevance to the 1-year discovery principle upon which we base our resolution of the

case. Walz' discovery of the relationship between Harvey and Alison in 2014 put him on notice of his claim as a matter of law. The paragraphs objected to either relate to the 2-year statute of limitations—making them irrelevant—or are conclusory statements as to when Walz discovered his injuries and damages. What Walz knew or should have known during the first 2 years would not change the outcome, nor would it have mattered whether he should have known he had a cause of action, because that is not the test. See *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996) (discovery occurs when party knows of facts sufficient to put person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to discovery of facts constituting basis of cause of action). Accordingly, because the paragraphs objected to have no relevance to the 1-year discovery principle, we need not determine whether they were wrongfully excluded.

## CONCLUSION

Walz' professional negligence claim is barred by the statute of limitations set forth in § 25-222. Accordingly, the trial court did not err in sustaining appellees' motions for summary judgment and dismissing Walz' complaint with prejudice.

Affirmed.