Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/28/2022 09:05 AM CDT

MICHAEL R. ZOOK AND TERESA L. CHRAMOSTA, COPERSONAL
REPRESENTATIVES OF THE ESTATE OF ROBERT L. ZOOK,
DECEASED, ET AL., APPELLEES AND CROSS-APPELLEES, V.
JERRY L. ZOOK, APPELLEE AND CROSS-APPELLANT,
AND JOHN B. MARSHALL, APPELLANT.

___ N.W.2d ___

Filed August 5, 2022.    No. S-21-176.

1. **Limitations of Actions: Appeal and Error.** The point at which a statute
of limitations begins to run must be determined from the facts of each
case, and the decision of the trial court on the issue of the statute of
limitations normally will not be set aside by an appellate court unless
clearly wrong.

2. ____: ____. The question of which statute of limitations applies is a
question of law that an appellate court must decide independently of the
conclusion reached by the trial court.

3. **Contracts: Restitution: Unjust Enrichment.** A claim for unjust enrich-
ment is a quasi-contract claim for restitution.

4. **Contracts: Restitution.** Any quasi-contract claim for restitution is an
action at law.

5. **Judgments: Appeal and Error.** In reviewing questions of law, an
appellate court is obligated to reach a conclusion independent of the
determinations reached by the lower courts.

6. **Unjust Enrichment: Proof.** To recover on a claim for unjust enrich-
ment, the plaintiff must show that (1) the defendant received money, (2)
the defendant retained possession of the money, and (3) the defendant in
justice and fairness ought to pay the money to the plaintiff. The plain-
tiff must also allege facts that the law of restitution would recognize as
unjust enrichment.

7. **Unjust Enrichment: Words and Phrases.** Unjust enrichment is a
flexible concept. But it is a bedrock principle of restitution that unjust
enrichment means a transfer of a benefit without adequate legal ground.

8. **Unjust Enrichment.** Unjust enrichment results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights.

9. **Unjust Enrichment: Contracts: Restitution: Liability.** A third party is not liable in quasi-contract, unjust enrichment, or restitution merely because he or she has benefited from a contract between two others. There must be some misleading act, request for services or the like, to support such an action.

10. **Unjust Enrichment: Contracts.** One who is free from fault cannot be held to be unjustly enriched merely because one has chosen to exercise a legal or contractual right.

Appeal from the District Court for Dawson County: James E. Doyle IV, Judge. Dismissed in part, vacated in part, and in part reversed and remanded with directions.

John D. Icenogle, of Bruner, Frank, Schumacher & Husak, L.L.C., for appellant.

Jonathan M. Brown, of Walentine O'Toole, L.L.P., for appellees and cross-appellees.

Claude E. Berreckman, Jr., and Claire K. Bazata, of Berreckman & Bazata, P.C., L.L.O., for appellee and cross-appellant.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

### INTRODUCTION

The plaintiffs, Michael R. Zook and Teresa L. Chramosta, as copersonal representatives of the estate of Robert L. Zook and in their individual capacities, and Robin L. Kuhlman, in her individual capacity, brought suit against Jerry L. Zook, alleging unjust enrichment and seeking a constructive trust, and against John B. Marshall, alleging negligence in failing to change the beneficiary on Robert's life insurance. The district court found in favor of the plaintiffs and against Marshall

and Jerry. Marshall appeals, and Jerry cross-appeals. We dismiss in part, vacate in part, and in part reverse and remand with directions.

## FACTUAL BACKGROUND

The facts are largely undisputed. Jerry and Robert were brothers. In the 1980s and 1990s, the two operated a welding business in Cozad, Nebraska, of which each brother owned 50 percent.

In March 1993, the business purchased "key-man life insurance policies" on both Jerry and Robert, through Marshall, an insurance agent. In October 1993, the brothers entered into a buy-sell agreement, which provided for transfer of the business to the highest bidder. In addition, the agreement provided that at the time of payment of the purchase price and transfer of the stock, the parties were to each transfer to the other ownership of the life insurance policies each owned on the other's life.

In November 1993, Robert entered the highest bid and became the sole owner of the business. In December, Jerry's attorney wrote a letter noting that Marshall was making arrangements to transfer the life insurance policies. A letter to Marshall from a Cozad bank at approximately that same time suggests that Robert intended to name his wife as beneficiary of his life insurance policy.

Apparently, Marshall had Robert execute a change of beneficiary form that was sent to the insurance company. Marshall testified that he did this change of beneficiary on his own and was not directed to do so by Robert, but that Robert did sign the form. In a letter dated January 27, 1994, the insurance company sent the form back as unrecorded, stating that the "policy is owned by Jerry [and] we will need to have his signature on the form before the beneficiary can be changed." Marshall testified that he does not recall informing Robert that the change in beneficiary form was returned without having been recorded and that he never informed Robert that

the beneficiary had not been changed to his wife. Marshall then sought Jerry's signature to assign the policy, which occurred on August 28, 1995.

Robert died on March 27, 2017, his wife having predeceased him. After Robert died, the insurance company sent Jerry information to assist him in filing a claim to the proceeds. Meanwhile, Marshall had begun the same process with Robert's children. The insurance company denied the plaintiffs' claim. In May 2017, proceeds of approximately $200,000 were paid to Jerry.

Robert's children, individually and in their capacities as copersonal representatives of the estate, filed suit against Marshall and Jerry. As to Jerry, they proceeded on theories of unjust enrichment, constructive trust, and conversion, allegations which Jerry denied. As to Marshall, they alleged professional negligence by virtue of his position as an insurance agent. Marshall conceded that he had failed to file the change of beneficiary form, but argued that suit against him was barred by the applicable statute of limitations.

The district court found in favor of Robert's children and found Marshall and Jerry jointly and severally liable for $200,000. In addition, a constructive trust was imposed on the insurance proceeds in Jerry's possession and Jerry was ordered to provide an accounting.

Marshall appealed, and Jerry cross-appealed.

## ASSIGNMENTS OF ERROR

On appeal, Marshall assigns that the district court erred in (1) applying the general tort statute of limitations rather than the professional statute of limitations and (2) finding that the claim was not barred by the statute of limitations.

On cross-appeal, Jerry assigns that the district court erred in (1) finding clear and convincing evidence that he and Robert agreed to certain terms regarding the beneficiary designations on the life insurance policies; (2) finding that he had been unjustly enriched; (3) finding that he was aware that the life

insurance proceeds were intended to be paid to someone other than himself, yet he failed to rectify his unjust enrichment; (4) failing to apply the doctrine of laches; (5) establishing a constructive trust; and (6) finding that Marshall's negligence and proximate cause did not absolve Jerry of liability.

## STANDARD OF REVIEW

[1,2] The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the trial court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong.[1] The question of which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court.[2]

[3,4] A claim for unjust enrichment is a quasi-contract claim for restitution.[3] This court has held that any quasi-contract claim for restitution is an action at law.[4]

[5] In reviewing questions of law, an appellate court is obligated to reach a conclusion independent of the determinations reached by the lower courts.[5]

## ANALYSIS

### MARSHALL'S APPEAL

Marshall filed his notice of appeal on March 1, 2021. On March 22, Marshall died. No notice of Marshall's death or any attempt to revive was filed with this court by any party to this litigation. But after statements made at oral arguments suggested his death, this court issued an order to show cause why Marshall's appeal should not be dismissed as a result of

---

[1] *Colwell v. Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018).

[2] See *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999).

[3] *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020).

[4] *Id.*

[5] See *Kissinger v. Genetic Eval. Ctr.*, 260 Neb. 431, 618 N.W.2d 429 (2000).

his death. In response, Marshall's wife requested that she be substituted as a party under Neb. Rev. Stat. § 25-322 (Reissue 2016). As relevant here, in the event of the death of a party, § 25-322 provides this court discretion to substitute a successor in interest as a party. We lack sufficient information to determine whether Marshall's wife is a successor in interest. Accordingly, we exercise our discretion to deny the request of Marshall's wife and dismiss Marshall's appeal.

## Jerry's Cross-Appeal

Though we do not address Marshall's appeal, Jerry filed a separate cross-appeal to which we turn now. In that cross-appeal, Jerry assigns that the district court erred in finding unjust enrichment on his part and in imposing a constructive trust. We find merit to Jerry's assertions and reverse the district court's order insofar as it found Jerry was unjustly enriched.

[6] To recover on a claim for unjust enrichment, the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff.[6] The plaintiff must also allege facts that the law of restitution would recognize as unjust enrichment.[7]

[7,8] Unjust enrichment is a flexible concept.[8] But it is a bedrock principle of restitution that unjust enrichment means a transfer of a benefit without adequate legal ground.[9] It results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights.[10]

---

[6] *Kanne v. Visa U.S.A.*, 272 Neb. 489, 723 N.W.2d 293 (2006).

[7] *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. 848, 809 N.W.2d 725 (2011).

[8] *Id*.

[9] *Id*.

[10] *Id.*

[9,10] A third party is not liable in quasi-contract, unjust enrichment, or restitution merely because he or she has benefited from a contract between two others.[11] Instead, there must be some misleading act, request for services or the like, to support such an action.[12] One who is free from fault cannot be held to be unjustly enriched merely because one has chosen to exercise a legal or contractual right.[13]

Although the plaintiffs have shown that Jerry received money and that Jerry retained that money, they have not shown that Jerry "in justice and fairness ought to pay the money" back to them.[14] Jerry was a beneficiary to Robert's life insurance policy. When initially named a beneficiary, Jerry was Robert's business partner. As we noted above, although the business relationship ended, Robert never changed the beneficiary of his policy.

But just because the plaintiffs maintain that Robert would have changed his beneficiary had he known that Jerry was still named in the policy, it does not mean that Jerry was unjustly enriched. The plaintiffs do not allege, nor is there any evidence to support, an assertion that Jerry engaged in any wrongdoing in connection with his status as beneficiary to Robert's policy. Nor is there any evidence in the record that would show that Robert was obligated to change his beneficiary to, for example, his children or wife, such that it would be unjust for Jerry to retain the life insurance proceeds.[15] Jerry was named the beneficiary of the policy, and he simply

---

[11] See *Haggard Drilling, Inc. v. Greene*, 195 Neb. 136, 236 N.W.2d 841 (1975).

[12] *Id.*

[13] *Kissinger v. Genetic Eval. Ctr., supra* note 5, citing *Wrede v. Exchange Bank of Gibbon*, 247 Neb. 907, 531 N.W.2d 523 (1995).

[14] See *Kissinger v. Genetic Eval. Ctr., supra* note 5, 260 Neb. at 436, 618 N.W.2d at 434.

[15] See 22 Shepard's Causes of Action 463 (1990) (collecting cases).

exercised his right under the policy to apply for and accept the proceeds of that policy.

We conclude that the district court erred in finding that Jerry was unjustly enriched and in imposing a constructive trust on the proceeds. Accordingly, we reverse that finding and vacate the order imposing the constructive trust.

## CONCLUSION

We dismiss Marshall's appeal. As to Jerry's cross-appeal, we reverse the district court's findings, vacate the constructive trust, and remand with directions to dismiss.

DISMISSED IN PART, VACATED IN PART, AND IN PART
REVERSED AND REMANDED WITH DIRECTIONS.