IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


WOLFSON V. REGENCY HOMES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IRA WOLFSON, APPELLANT,

V.

REGENCY HOMES, A NEBRASKA CORPORATION, APPELLEE.


Filed August 12, 2025.    No. A-24-778.


Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Ira Wolfson, pro se.

Thomas J. Culhane and Raymond E. Walden, of Erickson | Sederstrom, P.C., for appellee.


PIRTLE, BISHOP, and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Ira Wolfson, representing himself, appeals from an order of the district court for Douglas County granting summary judgment in favor of Regency Homes, a Nebraska corporation. Wolfson generally alleges that the district court erred in determining that his suit was barred by the statute of limitations. For the reasons that follow, we affirm.

## BACKGROUND

Regency Homes completed construction of a model home located in the Millard area of Omaha, Nebraska, in late 2013. Wolfson and his wife purchased the home from Regency Homes via a uniform purchase agreement in March 2016. During the following 5 years, Wolfson discovered some defects with the home's landscaping that are relevant to this appeal.

In the spring of 2018, Wolfson noticed that the concrete on his front patio was sinking. He hired a company to "mud jack" the concrete, which is a repair technique used to raise and level sunken concrete slabs. The company completed the work in May 2018.

In the spring of 2021, Wolfson hired three landscaping companies to provide him with estimates for landscaping work he was considering for his property. At least one of the three companies inspected Wolfson's property and informed him of defects with the boulder wall supporting the front patio and the backyard retaining wall.

On May 20, 2021, Wolfson sent an email to a Regency Homes representative describing the defects and their causes. According to Wolfson's email, the landscaping company informed him that the boulder wall was sliding out of position due to ineffective placement of the boulders at the time of construction and insufficient fill dirt, thus causing erosion. The company also advised him that the backyard retaining wall was leaning away from the house and was stressed by erosion and pressure from the weight behind it. This defect was attributed to an inappropriate choice of backfill and an inadequate design for drainage. Wolfson specified in his email that he was "writing to inform [Regency Homes] of these issues and to seek whatever path can address them."

Sometime thereafter, Wolfson engaged Terracon Consultants, Inc., to provide a comprehensive report on the landscaping defects. On August 31, 2021, Terracon issued its report to Wolfson. The report attributes the sinking of the front patio to insufficient compaction of the home's basement wall backfill. The report attributes the distress of the backyard retaining wall to use of backfill materials which do not meet industry standards or additional water pressure behind the wall due to lack of free draining material.

On December 3, 2021, Wolfson sent an email to Regency Homes' attorney. Based on the email's contents, we can infer that Wolfson had previously requested Regency Homes to cover the repair costs for the defects. In his email, Wolfson stated that his previous efforts to engage in informal discussions "were met with [a] blanket refusal to discuss." Relevant to this appeal, Wolfson also wrote:

> While I am aware of the arguments you make as to the statute of limitations, it is clear from the facts stated above that our discovery of these defects was only triggered in the late Spring of 2021 and the defects now discovered were not reasonably noted or known before that time frame.

Wolfson reiterated his willingness to informally resolve the dispute, but indicated that if he was rebuffed again, he would seek arbitration. At this time, Wolfson believed that the uniform purchasing agreement required "binding arbitration" to settle all disputes.

On August 15, 2023, Wolfson, representing himself, filed a petition against Regency Homes in the district court seeking damages for breach of implied warranty of "workman like performance" in connection with the construction of his home. In his petition, Wolfson asserts that in October 2022, he filed an "Application to Compel Arbitration." Our record has no further information on this separate case except proffered statements from Wolfson that the court ultimately declined to order arbitration.

On May 17, 2024, Regency Homes filed a motion for summary judgment accompanied by a brief, an evidence index, and an annotated statement of undisputed facts. The corporation asserted that Wolfson's claims were barred by the applicable statute of limitations found in Neb.

Rev. Stat. § 25-223 (Cum. Supp. 2022). In addition to the communications discussed above, Regency Homes also submitted as evidence Wolfson's April 2024 deposition wherein Wolfson admitted that by the spring of 2021, he "knew of the problem, [but] not the cause" of the landscaping defects. In response to the motion, Wolfson filed a "Memorandum and Motion for Denial of Summary Judgment Pleading." He did not file an evidence index or an annotated statement of disputed facts as required by Neb. Ct. R. § 6-1526(B) (rev. 2022).

A hearing on the motion for summary judgment was held on August 22, 2024. The district court received evidence from both parties, then arguments. Regency Homes argued that under § 25-223(1), Wolfson's suit had to be filed within 4 years of the conclusion of the real property work unless the landscaping defects were not discovered within that period. If the latter were true, Regency Homes argued that Wolfson had 2 years from the date he discovered the defects to pursue an action against the corporation. Regency Homes asserted that by May 2021, Wolfson had discovered all the defects listed in his petition and thus had until May 2023 to file a suit. Because Wolfson filed in August 2023, Regency Homes concluded that he filed outside the 2-year statute of limitations.

Wolfson disagreed and argued that he had not fully discovered the defects until he received the Terracon report on August 31, 2021. Accordingly, he concluded that his petition was timely filed within the 2-year statute of limitations. Wolfson also argued that the Nebraska Legislature has encouraged parties to pursue alternative dispute resolutions and that statutes such as Neb. Rev. Stat. § 25-2917 (Cum. Supp. 2024) provide for tolling the limitations period while such efforts are underway. However, Wolfson admitted that § 25-2917 "is not on point" in this case.

On September 20, 2024, the district court issued an order granting summary judgment in favor of Regency Homes. The court agreed with Regency Homes that Wolfson had discovered all the facts constituting the basis of his cause of action by May 2021. The court specifically cited Wolfson's description of the landscaping defects in his May 2021 email to Regency Homes. Thus, the court concluded that Wolfson's suit was barred by the 2-year statute of limitations. The court acknowledged that while Wolfson may not have known the exact nature or cause of the defects at that time, § 25-223 only required that he had knowledge that the problems existed.

The court also noted its appreciation of Wolfson's efforts to resolve this dispute outside of the court, but it found that those efforts did not toll the statute of limitations. Thus, the court dismissed Wolfson's complaint with prejudice. Wolfson appeals.

## ASSIGNMENTS OF ERROR

Wolfson assigns, restated and consolidated, that the district court erred in (1) dismissing his breach of warranty claims on the ground that the 2-year statute of limitations had run and (2) concluding that the statute of limitations was not tolled by his efforts to compel arbitration.

## STANDARD OF REVIEW

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *Syring v. Archdiocese of Omaha*, 317 Neb. 195, 9 N.W.3d 445 (2024). An appellate court independently reviews questions of law decided by a lower court. *Id.*

ANALYSIS

*Wolfson's Claims Were Time Barred.*

Wolfson alleges that the district court erred in determining that his claims were barred by the statute of limitations. Specifically, he argues that there is a distinction between the landscaping "experts" who first alerted him to the "potential for a claim of material defect" and Terracon, the "soil engineering expert" that "brought the potential problems to [his awareness]." Brief for appellant at 16. With this distinction in mind, Wolfson contends that he did not truly discover the defects or their causes until he received the Terracon report on August 31, 2021. Thus, he concludes that the statute of limitations did not begin to run until that time. Regency Homes disagrees and counters that the statute of limitations begins to run when the plaintiff discovers that the problem exists, not when an expert reports on a problem already known to the plaintiff or when the plaintiff discovers the cause of the problem.

As this case concerns the granting of summary judgment based on the expiration of the statute of limitations, we begin with a review of the applicable legal principles. An appellate court reviews rulings on a motion for summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Galloway v. Husker Auto Group*, 318 Neb. 178, 14 N.W.3d 218 (2024). An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *Syring v. Archdiocese of Omaha, supra*. The point at which a statute of limitations begins to run must be determined from the facts of each case. *Zook v. Zook*, 312 Neb. 128, 978 N.W.2d 156 (2022). A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain a suit. *Susman v. Kearney Towing & Repair Ctr.*, 310 Neb. 910, 970 N.W.2d 82 (2022).

As the district court correctly determined, § 25-223 governs actions brought against contractors or builders, whether based on negligence or breach of warranty. See *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005). Section 25-223(1) provides:

> Any action to recover damages based on any alleged breach of warranty on improvements to real property or based on any alleged deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property, except improvements to real property subject to the Nebraska Condominium Act, shall be commenced within four years after any alleged act or omission constituting such breach of warranty or deficiency. *If such cause of action is not discovered and could not be reasonably discovered within such four-year period, or within one year preceding the expiration of such four-year period, then the cause of action may be commenced within two years from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier.*

(Emphasis supplied.)

- 4 -

Neither party disputes that the applicable statute of limitations in this case is the tolling provision, also commonly referred to as the 2-year discovery exception. See, e.g., *Oltman v. Parde*, 32 Neb. App. 725, 5 N.W.3d 197 (2024), *review denied* (May 28, 2024). We agree. There was no evidence presented that Wolfson discovered or could have reasonably discovered the landscaping defects within 4 years after the home was built. Thus, we focus our analysis on the 2-year statute of limitations.

"Discovery," in the context of statutes of limitations, refers to the fact that one knows of the existence of an injury and not that one has a legal right to seek redress. *Andres v. McNeil Co., supra*. Under the discovery principle, discovery occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action. *Id.* (discussing the 2-year discovery exception of § 25-223); *Walz v. Harvey*, 28 Neb. App. 7, 938 N.W.2d 110 (2020) (discussing the 1-year discovery exception of Neb. Rev. Stat. § 25-222 (Reissue 2016) in professional negligence suits). It is not necessary that the plaintiff have knowledge of the exact nature or source of the problem, but only knowledge that the problem existed. *Andres v. McNeil Co., supra*.

The Nebraska Supreme Court has rejected the notion that discovery does not occur until a plaintiff identifies the source or cause of a real property defect. See, *Andres v. McNeil Co., supra*; *Board of Regents v. Lueder Constr. Co.*, 230 Neb. 686, 433 N.W.2d 485 (1988); *Kearney Clinic Bldg. Corp. v. Weaver*, 211 Neb. 499, 319 N.W.2d 95 (1982). For example, in *Andres v. McNeil Co., supra*, the homeowner knew immediately upon her possession of the home that water leaked from the roof. The Supreme Court found that although she may not have known the *source* of the leak within the 4-year statute of limitations, her detection of the *existence* of the leak within the 4 years qualified as a discovery. In other words, the statute of limitations began to run when the homeowner discovered the leak, not when she discovered the source of the leak.

In this case, even when viewing the record in a light most favorable to Wolfson, there is no dispute that by May 2021, he was aware of the front patio defects and the backyard retaining wall defects. In May 2018, he hired a company to raise and level the front patio concrete, clearly indicating his knowledge that the patio was sinking. In May 2021, he emailed Regency Homes with a thorough description of the defects with the front patio boulder wall and the backyard retaining wall. In December 2021, he emailed Regency Homes again and stated that the "discovery of these defects was only triggered in the late Spring of 2021." Wolfson also testified at his deposition that by spring 2021, he knew of the defects at issue in this case.

Wolfson's focus on the different "experts" that reported on the defects is misplaced. He presents no support for the contention that discovery occurs only after a certain type of expert reports a problem to a plaintiff. In contrast, Nebraska precedent clearly states that discovery occurs whenever a plaintiff first discovers that the problem exists. The "how" of that discovery is inconsequential for purposes of the statute of limitations. What is relevant is whether discovery occurred at all. Stated differently, the type of experts who reported the defects to Wolfson is not material to the timing of his discovery. Thus, because these facts are not material, they are not relevant.

Similarly, Wolfson's argument that discovery did not occur until Terracon identified the cause of the defects is without merit. First, the evidence shows that a landscaping company informed Wolfson of the causes of at least two of the defects prior to May 2021. Wolfson's May

2021 email details those causes. Moreover, even if we were to agree with Wolfson's assertion that he did not discover causation until he received the Terracon report, Nebraska precedent makes clear that this does not toll the statute of limitations. Wolfson's discovery of the defects, not their causes, triggered the 2-year statute of limitations.

In conclusion, Wolfson discovered all the real property defects which gave rise to his lawsuit by May 2021, thus triggering the 2-year discovery exception. Wolfson filed his petition in August 2023, outside of the 2-year period. Thus, we find that the district court properly determined that Wolfson's claims were barred by the statute of limitations.

*Wolfson's Efforts to Arbitrate Did Not Toll Statute of Limitations.*

Wolfson asserts that his efforts to arbitrate should have tolled the statute of limitations. Regency Homes argues that the record contains no evidence of Wolfson's arbitration efforts and that he has failed to cite any legal authority in support of his position. We agree with Regency Homes.

Wolfson has failed to provide a sufficient record of his arbitration efforts. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Kalita*, 317 Neb. 906, 12 N.W.3d 499 (2024). Although Wolfson proffers that he sought to compel arbitration via a separate case in the district court, there is nothing in our record to verify that claim. We have no case name, no court filings, and no final order from the court ruling on his application to compel arbitration. In short, we have no record to review on this matter.

More significantly, Wolfson has not offered any authority for the assertion that the statute of limitations outlined in § 25-223 can be tolled by unsuccessful attempts to engage in arbitration. His only cited authority is § 25-2917, which states that "[d]uring the period of the restorative justice or dispute resolution process, any applicable civil statute of limitations shall be tolled as to the parties." However, Wolfson admitted in the district court that this statute is not relevant to this case. Neb. Rev. Stat. § 25-2903 (Cum. Supp. 2022) clarifies that "[d]ispute resolution process means a process by which the parties involved in a dispute voluntarily agree to enter into informal discussion and negotiation with the assistance of a mediator." Such is not the case here. Wolfson admitted in his December 2021 email that Regency Homes unequivocally resisted all informal resolution and arbitration efforts. Additionally, Wolfson does not argue that he sought the assistance of a mediator as required under § 25-2903. Therefore, the tolling provision of § 25-2917 does not apply in this case.

Wolfson also argues that a limitations period should be tolled when parties seek informal resolution because such efforts bolster judicial economy and are encouraged by the Legislature. While we acknowledge that alternative dispute resolution enhances the overall efficiency and effectiveness of the legal system, a thorough review of § 25-223 reveals that the Legislature declined to include such a tolling provision for these types of claims. Wolfson's argument raises a policy consideration that is more appropriately addressed by the Legislature, not this Court. Thus, we find that the district court correctly concluded that the statute of limitations was not tolled by Wolfson's arbitration efforts.

CONCLUSION

The district court properly granted summary judgment in favor of Regency Homes because Wolfson's claims were barred by the statute of limitations. We therefore affirm the judgment dismissing Wolfson's claims with prejudice.

AFFIRMED.