WILLIAM VOGT v. W. H. BINDER, ADMINISTRATOR.

FILED APRIL 5, 1906. No. 14,219.

**Judgment:** REVIVOR. Proceedings to revive a judgment should not be had in the name of an administrator, except where the administrator has succeeded to the rights of the decedent.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Reversed with directions.*

*C. L. Day* and *Thomas L. Sloan*, for plaintiff in error.

*J. M. Curry*, contra.

JACKSON, C.

In September, 1897, certain judgments were rendered before a justice of the peace in Thurston county against the plaintiff in error and in favor of one Hattenhauer. These judgments were afterwards assigned to Nick Fritz. Hattenhauer died in 1900, and after his death Fritz undertook to enforce collection of the judgments by execution. He was, however, perpetually enjoined from so doing until

the judgments were revived, it having been held by this court that such procedure was necessary. *Vogt v. Daily*, 70 Neb. 812. Thereupon, Fritz procured a revivor of the judgments in the name of the administrator of Hattenhauer's estate. From the judgment of revivor the plaintiff in error prosecuted error to the district court, where the revivor was affirmed, and this proceeding is instituted to reverse the judgment of the district court.

The only question presented is the correctness of the judgment of revivor in the name of the administrator. It is contended that, because Fritz was the party in interest, the judgment should have been revived in his name. By section 45 of the code it is provided: "An action does not abate by the death, marriage, or other disability of a party or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In the case of the marriage of a female party, the fact being suggested on the record, the husband may be made a party with his wife; and, in the case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action." This section has been several times construed, and it has been repeatedly held that the transfer of interest after the action is commenced does not prevent the action from being continued to final termination in the name of the original plaintiff. *Magemau v. Bell*, 13 Neb. 247; *Dodge v. Omaha & S. W. R. Co.*, 20 Neb. 276; *Harrington v. Connor*, 51 Neb. 214. If, therefore, the cause of action had been assigned to Fritz before judgment, the action might have proceeded to judgment in the name of Hattenhauer, and, had Hattenhauer been living at a time when it might have been necessary for his assignee to procure a revivor of the judgments, such proceeding might have been taken in his name, because a proceeding to revive a judgment is but a continuance of the

action in which the judgment was obtained.   12 Am. &
Eng. Ency. Law (1st ed.), 150*h*.

But the question here is whether such proceeding might
be taken in the name of the administrator.   By section 463
of the code it is provided: "Upon the death of the plaintiff
in an action, it may be revived in the names of his repre-
sentatives, to whom his right has passed.   Where his right
has passed to his personal representative, the revivor shall
be in his name; where it has passed to his heirs or devisees,
who could support the action if brought anew, the revivor
may be in their names."   This section of the code was
under consideration in *Rakes v. Brown,* 34 Neb. 304, an
action to quiet the title to real estate.   Pending the action
the plaintiff died, and the administrator, as the represent-
ative of the deceased, procured an order of revivor in his
name, and it was in substance held that the administrator
was not entitled to have the action revived in his name, be-
cause the title of the land passed directly to the heirs of
the deceased, and there was no showing of a necessity to
sell the real estate to pay the decedent's debts.   As affect-
ing the right to-proceed in the name of the administrator,
there seems to be no difference in principle between the
case of *Rakes v. Brown, supra,* where there was involved a
proceeding to revive before judgment, and the case at bar,
where it is sought to revive after judgment.   The assignee
of the judgments had a right to proceed under the provis-
ions of section 472 of the code to revive the judgments in
his own name, but it does not seem to be the policy of the
law to permit the office of an administrator to be used in
revivor proceedings, except where he has succeeded to the
rights of the decedent.

We conclude that the order of revivor in the name of the
administrator was unauthorized, and we recommend that
the judgment of the district court be reversed and the
cause remanded with instructions to enter judgment va-
cating the order of revivor and dismissing the revivor pro-
ceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to enter judgment vacating the order of revivor and dismissing the revivor proceedings.

JUDGMENT ACCORDINGLY.