Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/07/2017 09:11 AM CDT

- 416 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
GINGER COVE COMMON AREA CO. v. WIEKHORST
Cite as 296 Neb. 416

Ginger Cove Common Area Company, appellee,
v. Scott Wiekhorst, appellant.

___ N.W.2d ___

Filed April 14, 2017.    No. S-16-515.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. **Motions to Vacate: Appeal and Error.** An appellate court reviews a ruling on a motion to vacate for abuse of discretion.

3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.

5. **Final Orders: Appeal and Error.** The primary reason for requiring a final order to dispose of all the issues presented in an action is to avoid piecemeal appeals arising out of the same operative facts.

6. **Final Orders.** An order is final for purposes of appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2016) if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

7. **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

8. ____: ____. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

9. **Pretrial Procedure: Final Orders: Appeal and Error.** Discovery orders are not generally subject to interlocutory appeal because the underlying litigation is ongoing and the discovery order is not considered final.

- 417 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
GINGER COVE COMMON AREA CO. v. WIEKHORST
Cite as 296 Neb. 416

10. **Records: Proof: Appeal and Error.** In appellate proceedings, unless there is proof to the contrary, the journal entry in a duly authenticated record of the trial court imports absolute verity.
11. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.

Appeal from the District Court for Douglas County: James T. Gleason, Judge. Affirmed.

F. Matthew Aerni, of Berry Law Firm, for appellant.

Andrew J. Wilson and Lawrence J. Roland, of Gross & Welch, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Cassel, J.

## INTRODUCTION

Following a judgment against Scott Wiekhorst for unpaid assessments, he appealed to challenge an order entered 2 months earlier—which overruled his motion to vacate or set aside an order of sanctions. Because neither that order nor the sanctions order were final orders, Wiekhorst properly waited until final judgment to appeal. But because he failed to present a record to support his assigned error, we affirm.

## BACKGROUND

Ginger Cove Common Area Company (Ginger Cove) sued Wiekhorst and two other individuals for unpaid annual assessments. The transcript does not show that the other two individuals were served within 6 months from the filing of the complaint; thus, it appears that the action against them stood dismissed by operation of law.[1]

---

[1] See Neb. Rev. Stat. § 25-217 (Reissue 2016).

Wiekhorst filed a counterclaim with his answer. He alleged that Ginger Cove violated its fiduciary duty, and he sought relief for the alleged violations.

The following timeline is pertinent:

- 09/22/2015: Ginger Cove filed a motion for discovery sanctions and set a hearing for October 1 at 8:30 a.m.
- 09/29/2015: The district court dismissed the case for lack of prosecution.
- 10/01/2015: At 8:08 a.m., Ginger Cove moved to reinstate the case and set the hearing for 8:30 a.m. that same day. The certificate of service showed electronic service on Wiekhorst's counsel.
- 10/05/2015: The court entered an order to reinstate the case.
- 10/05/2015: Ginger Cove refiled its motion for sanctions. Its notice of hearing showed that the hearing was set for October 1 at 8:30 a.m., and its certificate of service showed that a copy of the motion was served on September 17.
- 10/06/2015: The court entered an order on the motion for sanctions. The court found Wiekhorst in contempt and ordered that Wiekhorst's counterclaims be stricken.
- 10/06/2015: The court entered another order to reinstate the case.
- 10/07/2015: The court again dismissed the case for lack of prosecution.
- 12/10/2015: Ginger Cove filed a motion for an order reinstating the case. The motion did not contain a notice of hearing, and the attached certificate of service showed that it was mailed on October 13.
- 12/10/2015: The court reinstated the case.
- 01/14/2016: Wiekhorst moved for an order vacating and setting aside the sanctions.
- 02/19/2016: The court denied Wiekhorst's motion following a hearing.
- 04/20/2016: The court entered judgment against Wiekhorst after a bench trial.
- 05/20/2016: Wiekhorst filed a notice of appeal.

## ASSIGNMENT OF ERROR

Wiekhorst alleges that the district court erred in denying his motion to vacate the order of sanctions.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2]

[2] An appellate court reviews a ruling on a motion to vacate for abuse of discretion.[3]

## ANALYSIS

### JURISDICTION

[3-5] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.[5] The primary reason for requiring a final order to dispose of all the issues presented in an action is to avoid piecemeal appeals arising out of the same operative facts.[6]

There is no dispute that Wiekhorst filed a timely appeal from the final judgment. But because Wiekhorst's appeal challenges an order entered 2 months earlier, Ginger Cove claims that we lack jurisdiction to review that order. The jurisdictional inquiry concerns whether the February 2016 order was a final order. If it was, Wiekhorst's failure to appeal within 30 days deprives us of jurisdiction to review that order. If it

---

[2] *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017).

[3] *Obad v. State*, 277 Neb. 866, 766 N.W.2d 89 (2009).

[4] See *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

[5] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

[6] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

was not final, Wiekhorst properly waited to appeal from the final judgment.

[6-8] An order is final for purposes of appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2016) if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[7] An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.[8] An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[9]

[9] The October 2015 order imposing the discovery sanction was not a final order. In that order, the district court found Wiekhorst in contempt of the court's prior order compelling Wiekhorst to respond to Ginger Cove's discovery requests and ordered that Wiekhorst's counterclaim be stricken as a sanction. Discovery orders are not generally subject to interlocutory appeal because the underlying litigation is ongoing and the discovery order is not considered final.[10] Further, the order does not fit within any of the final order categories of § 25-1902. It did not dispose of the whole merits of the case and leave nothing for the court's further consideration.[11] It was not made during a special proceeding. It was not made after a judgment was rendered. We conclude that the order imposing the sanction was interlocutory—it was a discovery ruling that can be adequately reviewed on appeal from the final judgment.

---

[7] *Deines v. Essex Corp., supra* note 4.

[8] See *id.*

[9] See *id.*

[10] See *Furstenfeld v. Pepin*, 287 Neb. 12, 840 N.W.2d 862 (2013).

[11] See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

- 421 -

Nebraska Supreme Court Advance Sheets
296 Nebraska Reports
GINGER COVE COMMON AREA CO. v. WIEKHORST
Cite as 296 Neb. 416

The February 2016 order was not final, because it did not affect a substantial right. Ginger Cove claims that the order affected the subject matter of the litigation because it "completely eliminated a claim or defense that was available to [Wiekhorst] prior to the order from which he is now appealing."[12] We disagree. It was the interlocutory October 2015 order that eliminated Wiekhorst's counterclaim as a sanction; the February 2016 order refusing to vacate the sanction order therefore did not diminish a claim that was available to Wiekhorst before the court entered the order. The February 2016 order left the parties in the same posture as they were in before its entry.

Because neither the October 2015 order nor the February 2016 order were final, we have jurisdiction to consider any challenges directed to them upon Wiekhorst's timely appeal from the final judgment.

### Merits

Wiekhorst argues that the district court erred in denying his motion to vacate the order of sanctions and that he was denied procedural due process. He contends that after the case was dismissed on September 29, 2015, he did not receive timely notice of the motion to reinstate the case or of the motion for sanctions.

Wiekhorst relies on the transcript to support his claim. He asserts that "[t]here is simply nothing on the record demonstrating [he] had timely notice of any Motion to Reinstate, nor of the Motion for Sanctions filed on October 6[, 2015]."[13] The transcript shows electronic service on Wiekhorst's counsel of Ginger Cove's October 1, 2015, motion to reinstate the case. According to the motion, the matter was set to be heard 22 minutes after the motion was filed. It appears that on October 5, Ginger Cove refiled its September 22 motion for sanctions.

---

[12] Brief for appellee at 8.

[13] Brief for appellant at 6.

- 422 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
296 NEBRASKA REPORTS
GINGER COVE COMMON AREA CO. v. WIEKHORST
Cite as 296 Neb. 416

Thus, both motions showed a hearing date of October 1 at 8:30 a.m. Wiekhorst's argument is premised upon an assumption—that the hearing on Ginger Cove's motion for sanctions actually took place on October 1—after the case had been dismissed on September 29 and before it was reinstated on October 5.

But the transcript does not establish *when* the hearing on Ginger Cove's motion for sanctions actually occurred, nor does it definitively establish that notice of hearing was *not* given to Wiekhorst's counsel. The court's sanctions order shows that the judge dated his signature (i.e., "rendition"[14]) on October 5, 2015—the same date the case was reinstated. The transcript does not show that the sanctions order was made during the period when the case stood dismissed. And while the transcript does not affirmatively establish that notice was given, it likewise does not definitely establish that notice was *not* given.

[10] In appellate proceedings, unless there is proof to the contrary, the journal entry in a duly authenticated record of the trial court imports absolute verity.[15] In the sanctions order, the court specifically stated, "The record shall reflect that there was proper notice of the hearing on this Motion served on all parties and their respective attorneys, and that counsel for [Ginger Cove] appeared and no other party or counsel was present." Wiekhorst had the duty to produce evidence to the contrary. The transcript did not do so.

[11] Although we have a bill of exceptions, it does not provide the missing "proof to the contrary."[16] It does not contain the hearings on the motions to reinstate, the motion for sanctions, or the motion to vacate the order of sanctions. As a general proposition, it is incumbent upon the appellant to present a

---

[14] See Neb. Rev. Stat. § 25-1301(2) (Reissue 2016).

[15] *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006); *Alder v. First Nat. Bank & Trust Co.*, 241 Neb. 873, 491 N.W.2d 686 (1992).

[16] See *id.*

record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.[17] Without a bill of exceptions from the pertinent hearings, we do not know what arguments were made or if any evidence—for example, an affidavit detailing notice provided to Wiekhorst's counsel—was offered. Because we have no bill of exceptions from those hearings, the "absolute verity"[18] conferred upon the district court's order dictates the outcome of this appeal.

## CONCLUSION

Because Wiekhorst failed to present a record to support his assigned error, we affirm the district court's order overruling Wiekhorst's motion to vacate or set aside its order imposing sanctions.

AFFIRMED.

---

[17] *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016).

[18] See cases cited *supra* note 15.