Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/06/2020 08:07 AM CDT

- 924 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

Panhandle Collections, Inc., a Nebraska
corporation, appellee, v. Kuldip
Singh, appellant.

___ N.W.2d ___

Filed September 29, 2020.    No. A-19-933.

1. **Courts: Appeal and Error.** The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. ____: ____. In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record.
4. **Jurisdiction: Parties: Waiver.** The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived.
5. **Parties.** The language of Neb. Rev. Stat. § 25-323 (Reissue 2016) tracks the traditional distinction between the necessary and indispensable parties.
6. **Parties: Words and Phrases.** Necessary parties are parties who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence.
7. ____: ____. Indispensable parties are parties whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity.
8. **Parties.** The inclusion of a necessary party is within the trial court's discretion. However, there is no discretion as to the inclusion of an indispensable party.

- 925 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

9. ____. The first clause of Neb. Rev. Stat. § 25-323 (Reissue 2016) makes the inclusion of necessary parties discretionary when a controversy of interest to them is severable from their rights.

10. ____. The second clause of Neb. Rev. Stat. § 25-323 (Reissue 2016) mandates the district court to order indispensable parties be brought into the controversy.

11. **Parties: Words and Phrases.** All persons interested in the contract or property involved in an action are necessary parties, whereas all persons whose interests therein may be affected by a decree in equity are indispensable parties.

12. **Jurisdiction: Appeal and Error.** When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

13. **Parties: Equity: Appeal and Error.** When it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the court, an appellate court will remand the cause for the purpose of having such parties brought in.

Appeal from the District Court for Scotts Bluff County, Leo P. Dobrovolny, Judge, on appeal thereto from the County Court for Scotts Bluff County, Kris D. Mickey, Judge. Judgment of District Court reversed, and cause remanded for further proceedings.

John P. Weis and Kathryn J. Van Balen, of Wolfe, Snowden, Hurd, Ahl, Sitzmann, Tannehill & Hahn, L.L.P., for appellant.

No appearance for appellee.

Pirtle, Bishop, and Welch, Judges.

Pirtle, Judge.

## INTRODUCTION

Panhandle Collections, Inc. (Panhandle), sued Kuldip Singh to collect a debt assigned by the City of Scottsbluff, Nebraska. The county court found Singh was personally liable for unpaid sewer fees assessed against property located on Highland Road in Scottsbluff. Singh appealed, and the district court affirmed the county court's decision. Singh then appealed to

- 926 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

this court. We conclude the county court did not have jurisdiction over this matter. As a result, we reverse the district court's order and remand the cause to the district court with directions to reverse and vacate the order of the county court and remand the matter to the county court for further proceedings.

## BACKGROUND

The City of Scottsbluff provided sewer services to a property located on Highland Road. The "Service Start Up" request for the property was introduced at trial as an exhibit and purports to bear the signature of Singh as the "Authorized Person" requesting the service. Singh testified he did not sign the service request application card, and he introduced his driver's license as evidence of his signature. The signature on the service request card and the signature on the driver's license do not appear to be similar. Nevertheless, the county court found Singh requested service at the property address. The property is owned by Cheema Investments, LLC (Cheema). Singh is a principal in Cheema. Also introduced at trial as an exhibit was Scottsbluff Mun. Code § 18-4-16 (1990), which states in part: "All charges for sanitary sewer service under this Article *shall be a lien upon the property served*, and may be collected either from the owner or the person, firm, or corporation requesting the service." (Emphasis supplied.) The county court also orally referred to a second municipal ordinance, "[§] 18-3-9," but it was not offered or received into evidence and is not part of the record before us.

In an effort to collect the fees due, the City of Scotttsbluff assigned its interest in the debt to Panhandle. After Singh refused to pay the debt, Panhandle sued Singh.

The complaint was filed October 11, 2018, and alleged that Singh owed the sewer fees. Singh answered the complaint on November 5, denying responsibility for the fees because the property was owned by Cheema. Singh denied owning any real estate in his name and denied ever personally requesting any city services at the property address. Singh filed his answer without benefit of counsel.

- 927 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

On March 7, 2019, Panhandle filed an amended complaint, alleging Cheema is the legal owner of the property. The substantive allegations in the amended complaint were again directed only toward Singh individually. Panhandle made no effort to serve Cheema, and the county court did not order service to be made. Instead, the county court set a trial date of March 15, a week later. Singh did not file a motion for continuance, nor did he make any effort to file a cross-claim against Cheema prior to trial.

The county court found Singh owed the sewer fees and entered judgment in favor of Panhandle in the amount of $408.40. On March 22, 2019, Singh filed a motion for new trial, which was denied. An appeal to the district court was perfected on May 7. The district court affirmed the county court's judgment on August 28, citing the municipal code and stating that there was "ample evidence . . . for the County Court to find that . . . Singh requested [the] services." This appeal followed, and Singh is now represented by counsel. Panhandle has not submitted a brief in response to Singh's appeal.

## ASSIGNMENTS OF ERROR

Singh assigns numerous errors relating to the evidence adduced at trial, but the errors assigned related to "irregularities in the trial court proceedings" are dispositive. Singh specifically assigns as error the court's failure to add Cheema as an indispensable party, that Cheema was not served with process, and that Cheema was not made a party to the suit.

## STANDARD OF REVIEW

[1-3] The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Griffith v. Drew's LLC*, 290 Neb. 508, 860 N.W.2d 749 (2015). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* In instances when an appellate court is required to review cases for error

- 928 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

[4] The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived. *In re Trust Created by Augustin*, 27 Neb. App. 593, 935 N.W.2d 493 (2019).

ANALYSIS

Neb. Rev. Stat. § 25-323 (Reissue 2016) is entitled "Necessary parties; brought into suit; procedure." Section 25-323 provides in part:

> The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

[5-11] The language of § 25-323 tracks the traditional distinction between the necessary and indispensable parties. *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017). This court in *In re Trust Created by Augustin* reviewed the distinction, explaining:

> """"Necessary parties[]' [are parties] who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence[.] 'Indispensable parties[]' [are parties] whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity."
>
> "'. . . The inclusion of a necessary party is within the trial court's discretion. . . . However, there is no discretion as to the inclusion of an indispensable party.'" [*Midwest Renewable Energy v. American Engr. Testing*, 296 Neb.] at 90, 894 N.W.2d at 236. Therefore, the first clause of § 25-323 makes the inclusion of necessary parties discretionary when a controversy of interest to them

- 929 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

is severable from their rights. See *Midwest Renewable Energy v. American Engr. Testing, supra.* "The second clause, however, mandates the district court order indispensable parties be brought into the controversy." *Id.* at 90, 894 N.W.2d at 236. All persons interested in the contract or property involved in an action are necessary parties, whereas all persons whose interests therein may be affected by a decree in equity are indispensable parties. See *Midwest Renewable Energy v. American Engr. Testing, supra.*

27 Neb. App. at 620-21, 935 N.W.2d at 515.

[12,13] The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived. *In re Trust Created by Augustin, supra.* When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Id.* When it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the court, an appellate court will remand the cause for the purpose of having such parties brought in. *Id.* Necessary parties are parties who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence. *Id.*

Singh argues that the failure to join Cheema as an indispensable party created a jurisdictional defect and that therefore, this court is deprived of subject matter jurisdiction. Singh argues Cheema is an indispensable party, since it owns the real estate where sewer services were delivered and Panhandle acknowledged Cheema's interest by making allegations against it in its amended complaint. We agree that Cheema was an indispensable party, especially given that § 18-4-16 provides that "charges for sanitary sewer service [are] a lien upon the property." In the present case, the record owner of the property

- 930 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
PANHANDLE COLLECTIONS v. SINGH
Cite as 28 Neb. App. 924

where services were delivered was not included in the suit and did not have an opportunity to defend its interest in the property. We remand the cause for the purpose of adding Cheema to the suit as an indispensable party.

## CONCLUSION

The county court lacked jurisdiction over this case upon its failure to add an indispensable party. As a result, the district court's order is reversed and the cause is remanded to the district court with directions to reverse and vacate the order of the county court and remand the matter to the county court for further proceedings.

Reversed and remanded for further proceedings.