Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/06/2021 08:09 AM CDT

Dennis Walker et al., appellees, v. John
Probandt, appellee, and John
Raynor, appellant.

___ N.W.2d ___

Filed March 30, 2021.     No. A-20-299.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the inferior court.
2. **Jurisdiction: Parties: Waiver.** The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived.
3. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.
4. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent.
5. **Courts: Appeal and Error.** When a lower court is given specific instructions on remand, it must comply with the specific instructions and has no discretion to deviate from the mandate.
6. **Jurisdiction: Final Orders: Appeal and Error.** An appellate court has the duty to determine whether the trial court had subject matter jurisdiction to enter the final order sought to be reviewed, and to vacate an order of the trial court entered without jurisdiction.
7. **Actions: Promissory Notes: Parties.** Where promissory notes which are the subject of an action are transferred during its pendency, the action can continue in the name of the original holder of the notes.
8. **Appeal and Error.** A trial court cannot err in failing to decide an issue not raised, and an appellate court will not consider an issue for the first time on appeal that was not presented to or passed upon by the trial court.

Appeal from the District Court for Dawson County: James E. Doyle IV, Judge. Affirmed.

Patrick M. Heng, of Patrick M. Heng Law Office, P.C., L.L.O., for appellant.

Diana J. Vogt and James D. Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for appellees.

Riedmann, Bishop, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Upon remand, a debtor sought to have a judgment against him vacated on the basis that the district court lacked subject matter jurisdiction to adjudicate the case. The district court denied the motion to vacate on the basis that the relief sought fell outside the directions of the mandate. We determine that the district court erred in determining that it lacked authority to address the issue, but affirm its decision denying the motion to vacate.

## BACKGROUND

The relevant facts of this matter originated upon remand from this court to the district court for Dawson County. In *Walker v. Probandt*, 25 Neb. App. 30, 902 N.W.2d 468 (2017), John Raynor was found liable on a promissory note originally issued by First State Bank (FSB) and subsequently assigned to Skyline Acquisition, LLC (Skyline). An appeal was brought, and Raynor filed a cross-appeal. This court affirmed in part, and in part reversed and remanded to the district court with directions. Various other parties and issues were involved in the underlying action, but this present appeal is limited to the proceedings on mandate as they relate to Raynor's liability on the promissory note.

In our previous opinion, we provided specific directions on remand, stating:

We conclude that the district court abused its discretion in declining to enter default judgment against [John] Probandt on the fraud/misappropriation cause of action, and we remand the cause to the district court with directions to enter a default judgment against Probandt in the amount of $2,184,530.

We find no error in the decision to enter judgment in favor of Skyline against Raynor. However, the district court erred in failing to award a credit against the judgment for the amounts received in settlement, and we remand the cause for recalculation of this amount.

*Id*. at 52, 902 N.W.2d at 484.

Upon remand, the district court entered an order on August 8, 2018, spreading the mandate, entering judgment against Probandt in the amount of $2,184,530, and setting an evidentiary hearing to determine the credit to be applied to the judgment against Raynor. Thereafter, on November 21, Raynor sought an order vacating the judgment for want of subject matter jurisdiction. He claimed that the district court lacked subject matter jurisdiction to decide liability on the FSB promissory note because FSB assigned the note to Skyline in June 2011, but Skyline was not made a party to the litigation until trial (and after the statute of limitations had run); therefore, Raynor claimed that all pleadings filed by FSB during the interim that sought recovery on the note were a nullity. The evidentiary hearing to determine the credit to be applied to the judgment was held on July 30, 2019.

In a subsequent written order, the court ruled that on mandate, it did not have jurisdiction to vacate the judgment as requested by Raynor; rather, it was confined to do only what the appellate court mandated be done. It therefore denied the motion to vacate. It then determined that a $450,000 credit was to be applied to the judgment against Raynor and entered an order accordingly. Raynor filed a motion for new trial, and after a hearing, the court determined that it incorrectly calculated the amount of credit. It entered a new order—awarding

$1,600,000 in credit and adjusting the interest—and issued judgment in the amount of $735,932.34. Raynor appeals.

## ASSIGNMENTS OF ERROR

Raynor assigns, restated and renumbered, that the district court erred in failing to (1) grant his motion to dismiss for lack of subject matter jurisdiction, (2) find that Raynor was an accommodation party under Neb. U.C.C. § 3-419(a) (Reissue 2020), and (3) find that a judgment against Raynor is unsupported and inconsistent with § 3-419.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the inferior court. *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995).

## ANALYSIS

On remand, Raynor sought to have the judgment entered against him vacated on the basis that the district court lacked subject matter jurisdiction over the case. The district court denied the motion, stating that it lacked jurisdiction to consider it, given the limited nature of the mandate. Raynor argues the court erred in denying his motion, because subject matter jurisdiction may be raised at any stage of the proceedings. We agree that the district court had jurisdiction to consider the motion.

Raynor asserts that the district court lacked subject matter jurisdiction for 3½ years because the action was originally commenced with FSB as a party but when FSB assigned the note to Skyline in June 2011, Skyline became an indispensable party. Because Skyline was not added as a party until January 7, 2015, Raynor reasons that the amended complaints filed during that time period which sought recovery from him on the promissory note were a nullity. He asserts, "It is indisputable that, as the assignee of [FSB], P-Skyline was an

indispensable party under *Neb. Rev. Stat. § 25-323*. There is no subject matter jurisdiction without the assignee, P-Skyline, prosecuting the claim as is mandated by *Neb. Rev. Stat. § 25-301*." Brief for appellant at 16.

[2,3] The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived. *Panhandle Collections v. Singh*, 28 Neb. App. 924, 949 N.W.2d 554 (2020). Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

Through his motion to dismiss, Raynor raised the issue of the court's subject matter jurisdiction. The district court concluded that because the matter was before it on remand, it was limited to the specific directions of the mandate. Its understanding of the constraints of a remand is supported in Nebraska case law. See, e.g., *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020) (stating we have consistently held that when lower court is given specific instructions on remand, it must comply with specific instructions and has no discretion to deviate from mandate). However, as stated above, lack of subject matter jurisdiction may be raised at any stage of a proceeding.

[4] In *Bolan v. Boyle*, 222 Neb. 826, 387 N.W.2d 690 (1986), defendants raised the issue of the court's subject matter jurisdiction for the first time on remand through a motion for summary judgment. The district court granted the motion and dismissed the case. On appeal, the plaintiff argued that it was error for the district court to entertain a jurisdictional challenge on remand. The Nebraska Supreme Court rejected the argument. Although it recognized that the first appeal "turned out to be an exercise in futility," it concluded:

> [T]his court cannot act to impose or grant subject matter jurisdiction on a court which otherwise does not have it. As we have reaffirmed recently, "parties cannot confer subject matter jurisdiction upon a judicial tribunal by

either acquiescence or consent." *Riedy v. Riedy*[, 222 Neb.] 310, 312, 383 N.W.2d 742, 744 (1986). Subject matter jurisdiction may not be waived.

*Bolan v. Boyle*, 222 Neb. at 827, 387 N.W.2d at 691.

[5] *Bolan v. Boyle, supra*, involved a general remand as opposed to a specific mandate. See *TransCanada Keystone Pipeline v. Tanderup, supra* (explaining general remand is reversal of judgment and remand of cause for further proceedings without specific direction as to what trial court should do, whereas specific mandate directs court as to what it must do on mandate). In cases of specific remand, Nebraska case law is clear that when a lower court is given specific instructions on remand, it must comply with the specific instructions and has no discretion to deviate from the mandate. *Id*. Insofar as tension arises between the court's inability to act beyond the scope of a specific mandate and its inability to address a matter over which it is claimed it has no jurisdiction, we determine it must address the issue of jurisdiction.

Addressing the same conflict, an Illinois appellate court explained:

> The mandate of this court directing the trial court to proceed to review the assessment was, of course, based on the assumption that the circuit court had jurisdiction of the subject matter. Accordingly, we hold that it was proper for the trial court to entertain the Department's objection to jurisdiction.

*Fredman Bros. Furniture v. Ill. Dept. of Rev.*, 129 Ill. App. 3d 38, 40, 471 N.E.2d 1037, 1038, 84 Ill. Dec. 271, 272 (1984).

Our opinion in *Walker v. Probandt*, 25 Neb. App. 30, 902 N.W.2d 468 (2017), was also premised on the assumption that the district court had subject matter jurisdiction of the case. Raynor raised the issue on remand through a motion to vacate, and the court denied the motion not on the merits, but, rather, under the belief it was without jurisdiction to address the issue. Because lack of subject matter jurisdiction may be raised at any time, we determine the court erred in not addressing the issue.

[6] While an appellate court will not ordinarily decide an issue not passed upon by the trial court, see *Capitol City Telephone v. Nebraska Dept. of Rev.*, 264 Neb. 515, 650 N.W.2d 467 (2002), an appellate court has the duty to determine whether the trial court had subject matter jurisdiction to enter the final order sought to be reviewed, and to vacate an order of the trial court entered without jurisdiction, see *Anderson v. A & R Ag Spraying & Trucking*, 306 Neb. 484, 946 N.W.2d 435 (2020). We therefore proceed to address whether the district court had subject matter jurisdiction over the underlying case during the time period after which FSB assigned the note to Skyline but before Skyline was added as a party. We conclude that it did. Neb. Rev. Stat. § 25-301 (Reissue 2016) states:

> Every action shall be prosecuted in the name of the real party in interest except as otherwise provided in section 25-304. An action shall not be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest. *Joinder or substitution of the real party in interest shall have the same effect as if the action had been commenced by the real party in interest.*

(Emphasis supplied.)

The last sentence of § 25-301 explicitly gives the court continuing jurisdiction when the real party in interest is substituted for another party. Therefore, when Skyline was substituted as plaintiff, the effect was as if it had commenced the action. Likewise, the failure to include Skyline as a party earlier in the case did not strip the district court of jurisdiction. See *Eli's, Inc. v. Lemen*, 256 Neb. 515, 591 N.W.2d 543 (1999).

In *Eli's, Inc. v. Lemen, supra*, Eli's, Inc., was an assignee of a printing company's creditors. After it filed suit against the debtor, Eli's assigned its rights to DCB, Inc. DCB was not substituted as a party plaintiff. Following a judgment in favor of Eli's, the debtor appealed. He argued that the district court lost jurisdiction when Eli's interests were assigned to

DCB. The Supreme Court rejected the argument, holding that the issue was governed by Neb. Rev. Stat. § 25-322 (Reissue 1995). That statute then stated and continues to state in almost identical language:

> An action does not abate by the death or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survives or continues. In the case of the death or other disability of a party, the court may allow the action to continue by or against his or her representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party or the court may allow the person to whom the transfer is made to be substituted in the action.

§ 25-322 (Reissue 2016).

[7] The *Eli's, Inc*. court stated that it had previously interpreted this section to mean that

> "the transfer of interest after the action is commenced does not prevent the action from being continued to final termination in the name of the original plaintiff." *Exchange Elevator Company v. Marshall*, 147 Neb. 48, 54, 22 N.W.2d 403, 407 (1946), citing *Vogt v. Binder*, 76 Neb. 361, 107 N.W. 383 (1906). Further, this court has held that where promissory notes which were the subject of an action were transferred during its pendency, the action could continue in the name of the original holder of the notes. *Commercial Nat. Bank v. Faser*, 99 Neb. 105, 155 N.W. 601 (1915).

256 Neb. at 529-30, 591 N.W.2d at 553-54.

In the present case, FSB was the original plaintiff and remained the named plaintiff until Skyline was substituted in July 2015. *Eli's, Inc.* instructs that substitution was not required, but pursuant to § 25-322, it was permissible. And § 25-301 confirms that when the real party in interest is substituted, it has the same effect as if it had commenced the action. Therefore, the district court did not lose subject matter

jurisdiction of the case and Raynor's motion to vacate on that basis was properly denied.

Raynor argues that *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017), stands for the proposition that an assignee is an indispensable party and if not named as a party to a lawsuit, the court is without subject matter jurisdiction. We find this case distinguishable from the matter at issue. Significantly, the plaintiff in *Midwest Renewable Energy* sought to quiet title to property upon which a judgment lien had been filed. It named as a defendant the original party who obtained the judgment and filed the lien; however, at the time the action was commenced, the judgment had been assigned to a third party who was not named in the lawsuit. The court held that the assignee of the judgment and judgment lien was an indispensable party.

In the present case, however, at the time the action was filed, FSB was the holder of the promissory note. It was not until during the litigation that the note was assigned to Skyline. We find that § 25-322 is applicable in this situation and that the principles of *Eli's, Inc. v. Lemen*, 256 Neb. 515, 591 N.W.2d 543 (1999), govern. See, also, *New Light Co. v. Wells Fargo Alarm Servs*., 252 Neb. 958, 567 N.W.2d 777 (1997) (allowing substitution of plaintiff, real party in interest, after statute of limitations had run where no new cause of action is introduced and party substituted possesses interest in controversy sufficient to enable it to maintain proceeding). Therefore, we determine that the district court did not lose subject matter jurisdiction of the case during the time period between FSB's assignment of the note and Skyline's being named a party.

Raynor also assigns that the district court erred in failing to find that he was an accommodation party under § 3-419(a) of the Uniform Commercial Code and that a judgment against Raynor was unsupported and inconsistent with § 3-419. He argues on appeal that he raised both of these issues with the district court on remand; however, our record does not

contain any such motion nor does the bill of exceptions from the hearing on remand contain reference to these issues.

[8] A trial court cannot err in failing to decide an issue not raised, and an appellate court will not consider an issue for the first time on appeal that was not presented to or passed upon by the trial court. *Vande Guchte v. Kort*, 13 Neb. App. 875, 703 N.W.2d 611 (2005). We have stated that "to gain appellate review of an issue or theory, it must be presented to the trial court. In this way, litigants have some assurance that appellate review will be essentially limited to the case which was tried and presented in the lower court." *Id.* at 883, 703 N.W.2d at 620.

The transcript and the bill of exceptions do not support Raynor's assertion that he presented these issues to the district court. Furthermore, even if he had presented them to the district court, they clearly lie outside the specific directions of the mandate, and the district court had no authority to address them. See *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020). This assigned error fails.

## CONCLUSION

We conclude that the district court erred in determining that it was without jurisdiction to address Raynor's assertion that the court lacked subject matter jurisdiction over the case. However, we find no merit in Raynor's claim that subject matter jurisdiction was lacking. Because our record contains no indication that the accommodation party issue was raised in the district court on remand, and because those issues clearly fall outside the confines of the mandate, we find no error as to this issue. We therefore affirm the order denying Raynor's motion to vacate.

AFFIRMED.