IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

RUWE V. RUWE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOHN A. RUWE AND DANE WEDERGREN, SPECIAL ADMINISTRATOR OF THE ESTATE OF EMOGENE
WEDERGREN, DECEASED, APPELLEES,

V.

LARRY D. RUWE, APPELLANT.

Filed October 21, 2025.    No. A-24-963.

Appeal from the District Court for Dodge County: GEOFFREY C. HALL, Judge. Affirmed.

Matthew P. Saathoff and Jacob A. Acers, of The Saathoff Law Group, P.C., L.L.O., for appellant.

Clarence E. Mock and Caitlin R. Lovell, of Johnson & Mock, P.C., L.L.O., for appellees.

PIRTLE, BISHOP, and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Larry D. Ruwe appeals the order sustaining John A. Ruwe's motion for summary judgment and denying Larry's claims entered by the district court for Dodge County. He argues that the district court erred in not vacating its first order for summary judgment, in finding summary judgment in favor of John, and in not granting Larry equitable relief. For the reasons explained below, we affirm.

## BACKGROUND

John, Larry, and Emogene Wedergren were all siblings who owned stock in their family farm, Ruwe Farm Services, Inc. (Ruwe Farm). The siblings executed a stockholders' agreement indicating that "[n]one of the present or future shareholders shall sell or dispose of any or all of

- 1 -

their stock during their lifetime without first giving the other stockholders at least 90 days written notice by registered or certified mail of their intention to sell or dispose of said stock. . . ."

Around 2006, Emogene began experiencing serious health issues. John and Larry stipulated that, after Emogene's diagnosis, "John assisted Emogene financially by paying for a housekeeper and giving her money whenever needed." Eventually, Emogene sold her stock to John in two separate agreements. On July 16, 2008, Emogene entered into the first agreement to sell one-half of her stock to John. Emogene sold the rest of her stock to John on January 17, 2010. The dates of the stock purchase agreements were not disputed by the parties. John and Larry stipulated that Larry did not receive notice as required by the stockholders' agreement for both sales of Emogene's stock. On November 9, 2015, Emogene resigned as president of Ruwe Farm and transferred all her stock to John.

On February 21, 2018, John filed a complaint requesting that the district court confirm his title to the stocks that he purchased from Emogene. Larry counterclaimed that John breached the stockholders' agreement, along with other claims and defenses found in tort and equity. John's reply pleaded the statute of limitations in Neb. Rev. Stat. § 25-205(1) (Reissue 2016) as an affirmative defense. The district court sustained John's motion for summary judgment in favor of John. Emogene passed away before the district court issued its order. Larry appealed, and the Nebraska Supreme Court dismissed the appeal.

After the dismissal by the Supreme Court, the district court granted John's motion for an order of revivor and substitution of party so that Dane Wedergren, Emogene's son and special administrator of her estate, could take Emogene's cause in the action. John amended his complaint and included Dane. Larry's final amended counterclaim included breach of contract, along with other tort and equity claims and defenses, and John's final amended reply included the statute of limitations as an affirmative defense. John renewed his motion for summary judgment, and Larry motioned to vacate the first order for summary judgment. The district court ultimately sustained the motion for summary judgment in favor of John and overruled Larry's motion to vacate.

The district court determined two breaches of contract occurred when Emogene and John entered into two stock purchase agreements without notifying Larry. However, the district court found that Larry's breach of contract claims were barred by the statute of limitations found in § 25-205(1), as pleaded by John as an affirmative defense. Though Larry claimed several actions and defenses in tort and equity, the district court found that these actions and defenses derived from the breach of contact claim and were, likewise, barred by the statute of limitations. The district court denied all of Larry's claims. Larry appeals.

## ASSIGNMENTS OF ERROR

Larry assigns, restated and restructured, that the district court erred in (1) not vacating the first order for summary judgment, (2) determining facts for purposes of summary judgment, (3) determining the statute of limitations barred his claims, (4) not finding that John had unclean hands, and (5) not voiding and rescinding John's and Emogene's actions.

## STANDARD OF REVIEW

An appellate court reviews a ruling on a motion to vacate for abuse of discretion. See *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *D&M Roofing and Siding, Inc. v. Distribution, Inc.*, 319 Neb. 707, 24 N.W.3d 850 (2025). An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Id.*

In reviewing judgments and orders disposing of claims sounding in equity, we decide factual questions de novo on the record and reach independent conclusions on questions of fact and law. *Crow v. Nebraska Dept. of Rev.*, 316 Neb. 154, 3 N.W.3d 881 (2024).

ANALYSIS

*First Order for Summary Judgment.*

Larry argues that the district court erred in not vacating its first order for summary judgment because Emogene died before the order was issued.

When declaratory relief is sought, it is a statutory requirement that all persons shall be made parties who have or claim any interest which would be affected by the declaration. *In re Eileen Ryan Revocable Trust*, 316 Neb. 524, 5 N.W.3d 442 (2024). A party is indispensable when the party has an interest in the controversy to an extent that such party's absence from the proceedings prevents the court from making a final determination concerning the controversy without affecting such party's interest. *Id.* Pursuant to Neb. Rev. Stat. § 25-322 (Reissue 2016),

> An action does not abate by the death or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survives or continues. In the case of the death or other disability of a party, the court may allow the action to continue by or against his or her representative or successor in interest.

The transfer of interest after the action is commenced does not prevent the action from being continued to final termination. See *Walker v. Probandt*, 29 Neb. App. 704, 958 N.W.2d 459 (2021). Actions involving personal property survive to or against the personal representative of a deceased party. See *Fitzgerald v. Clarke*, 9 Neb. App. 898, 621 N.W.2d 844 (2001). When it appears that all indispensable parties were not before the district court, an appellate court will remand the cause for the purpose of having such parties brought in. See *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017). And when a court lacks jurisdiction and nonetheless enters an order, such order is void and of no force and effect. *Muller v. Weeder*, 313 Neb. 639, 986 N.W.2d 38 (2023).

Emogene was an indispensable party because John's action affected her interest in the stocks. When Emogene died before the district court issued its first order for summary judgment, the district court lacked jurisdiction. Therefore, the first order for summary judgment is void, and the district court abused its discretion in not vacating its first order for summary judgment. However, when all indispensable parties are not before the court, we would remand the cause for the purpose of having such parties brought in. Here, Dane took Emogene's cause in the action as Emogene's special administrator of her estate. The district court had jurisdiction for all orders made after it revived Emogene's cause and transferred her interest to Dane, including its final order

for summary judgment adjudicating all claims. Therefore, any error on the first order for summary judgment is moot.

*Determination of Fact.*

Larry argues that the district court erred in its determination of fact because it was disputed when Larry first received notice of the stock transfer. In the summary judgment context, a fact is material only if it would affect the outcome of the case. *Johnson v. City of Omaha*, 319 Neb. 402, 23 N.W.3d 420 (2025). When Larry first received notice of the stock transfer did not affect the outcome of the district court's ruling that Larry's claims were barred by the statute of limitations. Instead, the district court determined when the statute of limitations began to run was based on when Emogene and John entered into the stock purchase agreements, not when notice occurred. There was no dispute as to when Emogene and John entered into the stock purchase agreements. Therefore, the district court did not err in its determination of material facts, as discussed more fully below.

*Statute of Limitations.*

Larry generally argues that the district court erred in finding that the statute of limitations barred his breach of contract claims. Specifically, he argues that John waived the statute of limitations as an affirmative defense because John did not plead the defense in his complaint and that the district court erred in determining when the statute of limitations began to run.

The statute of limitations is an affirmative defense that is waived if a party fails to plead it. See *Schuemann v. Timperley*, 314 Neb. 298, 989 N.W.2d 921 (2023). A waiver is the voluntary and intentional relinquishment of a known right. *State v. Bret*, 318 Neb. 995, 20 N.W.3d 364 (2025). To establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part. *Id.* Estoppel occurs when one party relies on another's conduct to his or her detriment. See *Lingenfelter v. Lower Elkhorn Natural Resources District*, 294 Neb. 46, 881 N.W.2d 892 (2016). A party may prove the waiver by (1) a party's express declarations manifesting the intent not to claim an advantage or (2) a party's neglecting and failing to act so as to induce the belief that it intended to waive. See *Omaha Police Union Local 101 v. City of Omaha*, 292 Neb. 381, 872 N.W.2d 765 (2015). The party asserting a waiver defense bears the burden of establishing that a clear and unmistakable waiver has occurred. *Id.*

The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the trial court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Zook v. Zook*, 312 Neb. 128, 978 N.W.2d 156 (2022). A cause of action in contract accrues at the time of breach or the failure to do the thing agreed to. *Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019). Natural consequences deriving from a breach are not separate breaches of contract. See *Andersen v. A.M.W., Inc.*, 266 Neb. 238, 665 N.W.2d 1 (2003).

John pleaded the statute of limitations as an affirmative defense in his reply to Larry's counterclaim for breach of contract. The district court determined that the date Emogene and John entered into the stock purchase agreement without notifying Larry is when they breached the stockholders' agreement restriction, and the dates that Emogene and John entered into the stock

purchase agreements were not disputed. Therefore, the dates that the stock purchase agreements were entered into without notification are when the statute of limitations began to run.

Though John's complaint implied a breach of contract occurred, John had no knowledge of any counterclaims at the time to plead a defense. Additionally, Larry did not provide any proof on how the omission of the defense in John's complaint caused him detriment. John did not expressly declare his intent to waive the defense, and he did not neglect to make the defense once the breach of contract claim was pleaded. Larry did not prove that John waived the statute of limitations defense. Additionally, Larry argues that the statute of limitations began to run when Emogene transferred the stock to John. But Emogene's transfer of stock to John was a natural consequence of the stock purchase agreement. Therefore, the district court did not err in finding that Larry's breach of contract claim was barred by the statute of limitations.

*Unclean Hands.*

Larry argues that the district court erred in finding John was entitled to Emogene's stock because John sought equitable relief with unclean hands.

A quiet title action sounds in equity. See *PSK, LLC v. Legacy Outdoor Advertising, LLC*, 318 Neb. 1, 13 N.W.3d 81 (2024). Under the doctrine of unclean hands, a person who comes into a court of equity to obtain relief cannot do so if he or she has acted inequitably, unfairly, or dishonestly as to the controversy in issue. *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016). The person claiming unclean hands has the burden of proof. See *Brown v. Alron, Inc.*, 223 Neb. 1, 388 N.W.2d 67 (1986). Generally, conduct which forms a basis for a finding of unclean hands must be willful in nature and be considered fraudulent, illegal, or unconscionable. *Farmington Woods Homeowners Assn. v. Wolf*, 284 Neb. 280, 817 N.W.2d 758 (2012). The maxim refers to willful misconduct rather than merely negligent misconduct. *Richardson v. Anderson*, 8 Neb. App. 923, 604 N.W.2d 427 (2000). The improper conduct which falls within the maxim must involve intention as opposed to an inadvertent act or a misapprehension of legal rights. *Id.* A violation in itself is not willful misconduct. See *Brown v. Alron, Inc., supra*. See also *Hodgen v. Hodgen*, 30 Neb. App. 456, 970 N.W.2d 782 (2022) (finding violation of not making child support and alimony payments was not willful because of financial uncertainty surrounding job loss). Equity strives to do justice; it is not a rigid concept, but, instead, is determined on a case-by-case basis according to concepts of justice and fairness. *In re Estate of Wiggins*, 314 Neb. 565, 992 N.W.2d 429 (2023).

In *Brown v. Alron, Inc., supra*, the Supreme Court found that a party's violation of a contract was not willful because of extenuating circumstances. The party violated his employment contract by quitting before the length of time he contracted to work. See *id.* However, the party quit because of the mismanagement of the company. *Id.* Therefore, the Supreme Court found that the party did not have unclean hands because of the extenuating circumstances regarding the mismanagement of the company. *Id.*

John sought an equitable claim to quiet title to the stock he purchased from Emogene. To find unclean hands, Larry had the burden to prove John acted willfully in failing to notify Larry of the purchase of Emogene's stock. Apart from the violation of the stockholders' agreement to notify Larry, Larry offered no other evidence of willful misconduct. Furthermore, the parties stipulated that John was helping Emogene financially. The extenuating circumstances surrounding

Emogene's illness and her financial needs support the conclusion that John did not act with unclean hands in purchasing the stock from Emogene. Therefore, the district court did not err in finding that John did not act with unclean hands.

*Theories of Recovery.*

Larry argues that the district court erred in not voiding the stock transfer between Emogene and John and not rescinding the stock purchase agreement.

A theory of recovery is not a separate claim but derives from the facts that establish the claim. See *Poppert v. Dicke*, 275 Neb. 562, 747 N.W.2d 629 (2008). Voiding a transfer could be an equitable remedy for a transfer that violated a stockholder agreement restriction. See *Pennfield Oil Co. v. Winstrom*, 272 Neb. 219, 720 N.W.2d 886 (2006). And recission is an equitable remedy. See *In re Estate of Wiggins, supra.* However, equity follows the law. See *Echo Group v. Tradesman Internat.*, 312 Neb. 729, 980 N.W.2d 869 (2022). And violations of stockholder agreements are construed under contract law. See *Dick v. Koski Prof. Group, P.C.*, 307 Neb. 599, 950 N.W.2d 321 (2020).

In *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995), the Supreme Court considered whether additional theories were independent claims. The theories derived from the same facts that established a breach of contract claim. See *id.* Though the additional theories were found in tort, the theories were not independent from the breach of contract claim. *Id.* Therefore, the Supreme Court determined that there were no separate tort claims. *Id.*

Larry claims that the stock transfer between Emogene and John should be voided in equity and the stock purchase agreement should be rescinded. However, these equitable remedies that Larry tries to claim as theories of recovery are derived from the breach of contract claim caused by Emogene's and John's violation of the stockholders' agreement restriction. Larry does not state any additional facts apart from his breach of contract claim to support his theories. Larry's theories that the stock transfer should be voided and the stock purchase agreement should be rescinded are derived from his breach of contract claim which was barred by the statute of limitations. Therefore, the district court did not err in not voiding the stock transfer and in not rescinding the stock purchase agreement.

## CONCLUSION

We conclude that the district court did not err in sustaining John's motion for summary judgment to quiet title in Emogene's stock and denying Larry's claims as they were barred by the statute of limitations. We affirm.

AFFIRMED.